UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

TIMOTHY J. FAST
on behalf of himself and all
others similarly situated,

        Plaintiff,

v.

CASH DEPOT, LTD,
a Domestic Corporation

        Defendant.

Case No. 16-CV-1637

**COLLECTIVE ACTION COMPLAINT
PURSUANT TO 29 U.S.C. §216(b)**

**JURY TRIAL DEMANDED**

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended (hereinafter simply "FLSA") by Plaintiff, Timothy J. Fast, on behalf of himself and all other similarly situated current and former non-exempt Field Service Technicians of Defendant, Cash Depot, Ltd., for purposes of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendant, Cash Depot, Ltd., is a Wisconsin corporation that sells, leases, rents, installs, ships, and services Automated Teller Machines (hereinafter simply "ATM" or "ATMs") throughout the United States.

3. Defendant's non-exempt Field Service Technicians physically serviced Defendant's ATM Machines.

4. Defendant operated an unlawful compensation system that deprived current and former non-exempt Field Service Technicians, including Plaintiff, of wages earned for all compensable work performed at the correct, proper, and/or lawful overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek. Specifically, Defendant:

   a) Failed to compensate its current and former non-exempt Field Service Technicians for all work performed at the correct, proper, and/or lawful overtime rate of pay by failing to include all remuneration for employment in a non-exempt Field Service Technicians' "regular rate" of pay, as that phrase is used and defined under the FLSA, when determining the overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek. Specifically, when determining the overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek, Defendant failed to including the following in non-exempt Field Service Technicians' "regular rate" of pay: (1) a flat rate or lump sum of $75.00 per week when a Field Service Technician performed "on call" work; (2) work performed while "on call" that required less "… than 15 minutes of their time …"; (3) a "Shift Premium" for work performed during the workweek; and/or (4) any non-discretionary bonuses made pursuant to its announced policies; and

   b) Failed to compensate its current and former non-exempt Field Service Technicians for all worked performed during a workweek at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

2

5. Defendant's deliberate failure to compensate its current and former Field Service Technicians for all hours worked at an overtime rate of pay, including but not limited to the correct, properly, and/or lawful overtime rate of pay, violates the FLSA.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant's headquarters are located in Green Bay, Wisconsin, within the Eastern District of Wisconsin – Green Bay Division, and Defendant has substantial and systematic contacts in this District.

## PARTIES

8. Defendant, Cash Depot, Ltd., is a Wisconsin corporation with a principal place of business of 1740 Corfin Drive, Green Bay, Wisconsin 54302.

9. Defendant's registered agent for service of process in the State of Wisconsin is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

10. For purposes of the FLSA, Defendant is an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

11. For purposes of the FLSA, Defendant is an "employer" of Plaintiff, and Plaintiff is "employed" by Defendant.

12. Plaintiff, Timothy J. Fast, is an adult male resident of the State of Indiana. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) has been contemporaneously filed with the filing of this Complaint.

3

13. Plaintiff worked as a non-exempt Field Service Technician at Defendant within the last three years from the date of filing of this Complaint.

14. Plaintiff brings this action on behalf of himself and all other similarly situated employees of Defendant. Plaintiff performed similar job duties as other non-exempt Field Service Technicians employed by Defendant and who were subjected to Defendant's same unlawful policies and practices as enumerated herein.

15. Plaintiff and all other non-exempt Field Service Technicians on whose behalf he brings this Complaint performed compensable work at physical locations in at least the following States: Alabama, Delaware, Illinois, Indiana, Iowa, Kentucky, Maryland, Massachusetts, Michigan, Minnesota, Missouri, New York, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, and Wisconsin.

16. Defendant supervised Plaintiff's and all other non-exempt Field Service Technicians' day-to-day activities.

17. Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other non-exempt Field Service Technicians.

18. Defendant had the ability and authority to review Plaintiff's work performance and the work performance of all other non-exempt Field Service Technicians.

19. Defendant established the work rules, policies, and procedures by which Plaintiff and all other non-exempt Field Service Technicians abided in the workplace.

20. Defendant controlled the terms and conditions of Plaintiff's employment and the employment of all other non-exempt Field Service Technicians.

21. Defendant established Plaintiff's and all other non-exempt Field Service Technicians' work schedules and provided Plaintiff and all other non-exempt Field Service Technicians with work assignments and hours of work.

## GENERAL ALLEGATIONS

22. Plaintiff worked for Defendant as a non-exempt Field Service Technicians in the State of Indiana within the three years preceding the filing of this Complaint.

23. From approximately July 6, 2015 to July 29, 2016, Plaintiff was employed by Defendant as a non-exempt Field Service Technician.

24. From approximately July 6, 2015 to July 29, 2016, Plaintiff was employed by Defendant as a non-exempt Field Service Technician earning $15.00 per hour.

25. During Plaintiff's employment with Defendant as a non-exempt Field Service Technician, he reported directly to Brett Reinbold, Manager.

26. Defendant's non-exempt Field Service Technicians, including Plaintiff, did not supervise two (2) or more other full-time employee(s) of Defendant.

27. Defendant's non-exempt Field Service Technicians, including Plaintiff, did not have the authority to hire, discharge, or discipline other employees at Defendant.

28. Defendant's non-exempt Field Service Technicians, including Plaintiff, did not manage a department or subdivision of Defendant.

29. The job duties and job responsibilities of Defendant's non-exempt Field Service Technicians, including Plaintiff, primarily involved performing manual or physical labor.

30. The job duties and job responsibilities of Defendant's non-exempt Field Service Technicians, including Plaintiff, primarily involved performing work outside of an office setting.

5

31. The job duties and job responsibilities of Defendant's non-exempt Field Service Technicians, including Plaintiff, involved physically servicing Defendant's ATM Machines.

32. As part of the job duties and job responsibilities of the Field Service Technician position, Defendant required its non-exempt Field Service Technicians, including Plaintiff, to be "on call" and to perform "on call" work during "off duty hours" – which were considered the hours outside of a non-exempt Field Service Technicians' customary work schedule or "normal working hours."

33. Defendant's policy in practice was to schedule its non-exempt Field Service Technicians, including Plaintiff, to be "on call" and to perform required "on call" work on the following dates and times: Mondays through Fridays, 5:00 p.m. until approximately 8:00 p.m.; Saturdays from 9:00 a.m. to approximately 6:00 p.m.; and Sundays from 9:00 a.m. to approximately 6:00 p.m.

34. During his employment with Defendant, Plaintiff's customary work schedule, or "normal working hours," were Mondays through Fridays, 9:00 a.m. until approximately 5:00 p.m.

35. During his employment with Defendant, Plaintiff routinely and frequently performed "on call" work.

36. During his employment with Defendant, Plaintiff performed "on call" work at Defendant's direction and/or with Defendant's knowledge.

37. During his employment with Defendant, Plaintiff generally or customarily performed "on call" work on the following dates and times: Mondays through Fridays, from 5:00 p.m. until approximately 8:00 p.m.; Saturdays, from 9:00 a.m. to approximately 6:00 p.m.; and Sundays, from 9:00 a.m. to approximately 6:00 p.m.

38. Upon information and belief, Defendant's non-exempt Field Service Technicians, including Plaintiff, were subject to the same policies and procedures of Defendant.

39. Upon information and belief, Defendant provided the same Employee Handbook to all of its non-exempt Field Service Technicians across the United States in the three years preceding the filing of this Complaint.

40. Defendant's Employee Handbook as provided to its non-exempt Field Service Technicians contained the policies, terms, and conditions of employment for all of its Field Service Technicians.

41. According to Defendant's Employee Handbook, its workweek was Sunday through Saturday.

42. According to Defendant's Employee Handbook, "Any hours worked between Sunday and Saturday are used in the calculation of overtime for hourly personnel. <u>Overtime is paid for hours worked during the current week over 40</u>, and is calculated at 1½ times the regular pay rate." (emphasis in original.)

43. According to Defendant's Employee Handbook, "Shift Premium" pay is not included "…in the calculation of overtime for hourly personnel."

44. During the three years preceding the filing of this Complaint, Defendant's pay periods did not coincide with its workweek, as defined in Paragraph 41, above.

45. Defendant's policy in practice was to compensate its non-exempt Field Service Technicians, including Plaintiff, via paycheck on a semi-monthly basis on the 5th and the 20th of each month.

46. According to Defendant's Employee Handbook, "The 5th of the month check includes hours for the period of the 16th of the previous month to the end of the month."

7

47. Defendant's policy in practice to compensate its non-exempt Field Service Technicians, including Plaintiff, "… for the period of the 16th of the previous month to the end of the month," resulted in its Field Service Technicians, including Plaintiff, being compensated via paycheck on the 5th of any given month for wages earned during the fifteen or sixteen consecutive days immediately preceding.

48. According to Defendant's Employee Handbook: "The 20th of the month check includes hours for the period of the 1st through the 15th of the current month."

49. Defendant's policy in practice to compensate its non-exempt Field Service Technicians, including Plaintiff, "… for the period of the 1st through the 15th of the current month" resulted in its Field Service Technicians, including Plaintiff, being compensated via paycheck on the 20th of any given month for wages earned during the fifteen or sixteen consecutive days immediately preceding.

50. Defendant's policy in practice to compensate its non-exempt Field Service Technicians, including Plaintiff, via paycheck on a semi-monthly basis on the 5th and the 20th of each month – instead of compensating non-exempt Field Service Technicians in accordance with its workweek, as defined in Paragraph 41, above – resulted in Defendant unlawfully failing to compensate non-exempt Field Service Technicians at an overtime rate of pay for all hours worked and for all work performed in excess of forty (40) hours in a workweek.

51. According to Defendant's "Policy For On Call Compensation" in its Employee Handbook, "… additional compensation will be provided to hourly employee when required to be available and on-call during off-duty hours."

52. According to Defendant's "Policy For On Call Compensation" in its Employee Handbook, "An employee who is scheduled to be on call will receive a flat rate of $75 per week."

53. Defendant's policy in practice was to compensate its non-exempt Field Service Technicians, including Plaintiff, with a flat rate of $75.00 when required or scheduled to be "on call."

54. Defendant compensated its non-exempt Field Service Technicians, including Plaintiff, with a lump sum of $75.00 for work performed while "on call" regardless of the number of hours actually worked while "on call."

55. According to Defendant's "Policy For On Call Compensation" in its Employee Handbook, "An on-call week is defined as beginning on a Monday, ending on a Sunday."

56. According to Defendant's "Policy For On Call Compensation" in its Employee Handbook, "Employees responding to a page or dispatch, requiring more than 15 minutes of their time, will also receive their normal compensation."

57. Defendant's policy in practice was to not compensate its non-exempt Field Service Technicians who performed work while "on call" that required less "… than 15 minutes of their time …"

58. Defendant's policy in practice was to provide non-discretionary bonuses to its non-exempt Field Service Technicians, including Plaintiff, pursuant to the following announced policy: that if the ATMs that the non-exempt Field Service Technicians, including Plaintiff, were servicing generated more than two million transactions in a calendar quarter, they would receive a $2,000 bonus; and if the ATMs generated more than four million transactions in a calendar quarter, they would receive a $4,000 bonus.

59. Non-exempt Field Service Technicians at Defendant have a unique Employee Number for timekeeping, recordkeeping, and/or compensation purposes.

9

60. During his employment with Defendant, Plaintiff's unique Employee Number was 642.

61. Defendant required Plaintiff and other non-exempt Field Service Technicians to record their time worked at the start and end of a shift by electronically "clocking-in" and "clocking-out," respectively, with their unique Employee Number.

62. Plaintiff's and other non-exempt Field Service Technicians' "clock-in" and "clock-out" times are recorded and stored by Defendant's electronic timekeeping system.

63. Plaintiff and other non-exempt Field Service Technicians were subject to the same timekeeping policies at Defendant.

64. Plaintiff and other non-exempt Field Service Technicians used the same electronic timekeeping system to record hours worked at Defendant.

65. Immediately after "clocking-in" at the beginning of each shift, Plaintiff performed compensable work.

66. Immediately prior to "clocking-out" at the end of each shift, Plaintiff performed compensable work.

67. Upon information and belief, Defendant's electronic timekeeping system accurately recorded Plaintiff's and other non-exempt Field Service Technicians' time "clocked-in" and "clocked-out."

68. Upon information and belief, Defendant's electronic timekeeping system accurately recorded Plaintiff's and other non-exempt Field Service Technicians' time worked and/or work performed at Defendant.

69. Despite having this detailed record of time actually worked by Plaintiff and other non-exempt Field Service Technicians, Defendant did not properly and legally compensate Plaintiff and other non-exempt Field Service Technicians for all work performed at Defendant.

70. During his employment with Defendant, Plaintiff frequently worked in excess of forty (40) hours per workweek.

71. During the three years preceding the filing of this Complaint, non-exempt Field Service Technicians frequently worked in excess of forty (40) hours per workweek during their employment with Defendant.

72. Defendant's policies in practice resulted in it unlawfully failing to include all remuneration for employment in a non-exempt Field Service Technician's "regular rate" of pay, as that phrase is used and defined under the FLSA, when determining a non-exempt Field Service Technician's overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek. Specifically, when determining the overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek, Defendant failed to include the following in non-exempt Field Service Technicians' "regular rate" of pay: (1) a flat rate or lump sum of $75.00 per week when a Field Service Technician performed "on call" work; (2) work performed while "on call" that required less "… than 15 minutes of their time …"; (3) a "Shift Premium" for work performed during the workweek; and/or (4) any non-discretionary bonuses made pursuant to its written and/or unwritten announced policies

73. Defendant's policies in practice resulted in it unlawfully failing to compensate non-exempt Field Service Technicians at an overtime rate of pay for all hours worked and for all work performed in excess of forty (40) hours in a workweek.

11

74. Defendant suffered or permitted its current and former non-exempt Field Service Technicians, including Plaintiff, to work without lawfully compensating them at an overtime rate of pay for all hours worked and for all work performed in excess of forty (40) hours in a workweek.

75. Non-exempt Field Service Technicians, including Plaintiff, complained to Defendant that it was not properly and/or lawfully compensating them with overtime pay for working forty (40) or more hours in a workweek.

76. Defendant was or should have been aware that its failure to properly and lawfully compensate Plaintiff and all other non-exempt Field Service Technicians for all hours worked each workweek at an overtime rate of pay was in violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

77. Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> **FLSA Collective Class**: All persons who are or have been employed by Defendant as a non-exempt Field Service Technician within the three years prior to this action's filing date and who have not been properly or lawfully compensated for all hours worked in excess of forty (40) hours in a workweek.

78. Defendant, as a matter of policy and practice, did not properly or lawfully compensate its employees for all hours of compensable work performed by the FLSA Collective Class during a workweek.

79. These practices resulted in Plaintiff and the FLSA Collective Class being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

80. Defendant suffered or permitted Plaintiff and the FLSA Collective Class to perform work during the workweek without proper or lawful compensation for all hours worked. The effect of such a practice was for Defendant to deny the FLSA Collective Class their agreed upon wage, including overtime compensation at one and one-half times the regular rate, for the hours worked that were not counted as work.

81. The Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective Class.

82. The FLSA Collective Class claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

83. Upon information and belief, Plaintiff and the FLSA Collective Class are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collective Class.

84. Plaintiff and the FLSA Collective Class seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all hours worked, including overtime compensation.

85. The FLSA Collective Class is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Class via first class mail to the last

address known by Defendant and through posting at Defendant's facility in areas where postings are normally made.

86. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective Class.

**CLAIM FOR RELIEF**
**Violation of the Fair Labor Standards Act of 1938, as Amended**
**(Plaintiff on behalf of himself and the FLSA Collective Class)**

87. Plaintiff, on behalf of himself and the FLSA Collective Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

88. At all times material herein, Plaintiff and the FLSA Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

89. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective Class as provided under the FLSA.

90. At all times material herein, Plaintiff and the FLSA Collective class were employees of Defendant as provided under the FLSA.

91. Plaintiff and the FLSA Collective Class are victims of uniform compensation policy and practice in violation of the FLSA.

92. Defendant violated the FLSA by failing to properly and lawfully compensate Plaintiff and the FLSA Collective Class for overtime premium pay for each hour he/she worked in excess of forty (40) hours each workweek.

93. Defendant suffered or permitted Plaintiff and the FLSA Collective Class to perform work without being properly or lawfully compensated for hours worked in excess of forty (40) in a workweek.

14

94. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

95. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

96. Defendant's failure to properly compensate Plaintiff and the FLSA Collective Class and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

97. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective Class for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

98. Plaintiff and the FLSA Collective Class are entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

15

99. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order granting Conditional Certification of the § 216(b) Collective and allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former non-exempt Field Service Technicians informing them of this action and their right to participate in this action and including such future employees who may commence employment during the pendency of this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current, future, and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel;

c) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and applicable regulations and as willful as defined in the FLSA;

d) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt Field Service Technicians damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt Field Service Technicians employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

f) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated non-exempt Field Service Technicians employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

g) Provide Plaintiff and all other similarly-situated non-exempt Field Service Technicians employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 9th day of December, 2016.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

*s/ James A. Walcheske*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
Jesse R. Dill, State Bar No. 1061704

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
jdill@walcheskeluzi.com