**George Burnett**
___

| From: | James A. Walcheske <jwalcheske@walcheskeluzi.com> |
|---|---|
| Sent: | Monday, July 10, 2017 8:08 PM |
| To: | George Burnett |
| Cc: | James A. Walcheske; Bonnie Houlihan; Jodi Arndt Labs |
| Subject: | Re: [REVIEW] Fast v. Cash Depot |

I get it. Again, I think it will be entirely possible, assuming we have the documents in front of us. I think the largest impediment during our call was that they were not available to you at the time.



James A. Walcheske
**WALCHESKE & LUZI**
Wisconsin's Employment Law Firm

Brookfield -- 15850 W. Bluemound Rd., Suite 304, Brookfield, WI 53005 -- (262) 780-1953
Appleton -- 4321 W. College Ave., Suite 200, Appleton, WI 54914 -- (920) 757-2440

www.walcheskeluzi.com
This e-mail, and any attachment to this e-mail, is intended only for the person to whom it is addressed and may contain information that is privileged, confidential, and exempt from disclosure. Use, distribution, or copying by anyone else is prohibited. If you receive this in error, please notify us promptly and then destroy this communication.

On Mon, Jul 10, 2017 at 2:16 PM, George Burnett <GB@lcojlaw.com> wrote:

Jim—that sounds fine if a telephone call is your choice. Jodi will arrange and attend the conference.

That said, I am skeptical that these mathematical computations can be easily discussed by phone, especially given our first call on this and your unsuccessful attempt there to explain to me how and why you thought the CPAs calculations were wrong. Because we are paying Schenk I intend to do this only once, so please keep that in mind.

Thanks.

**From:** James A. Walcheske [mailto:jwalcheske@walcheskeluzi.com]
**Sent:** Saturday, July 8, 2017 8:33 AM
**To:** George Burnett <GB@lcojlaw.com>
**Cc:** Bonnie Houlihan <bonnieh@lcojlaw.com>; Jodi Arndt Labs <jodi@lcojlaw.com>
**Subject:** RE: [REVIEW] Fast v. Cash Depot

EXHIBIT 8

I think a phone call will be sufficient, so long as we're all looking at the same docs your client provided in discovery. I'm available Wednesday, 7/12, anytime after 9am; Thursday, 7/13 between 1 and 4pm; Tuesday, 7/18, generally between 9 - 3; or Wednesday, /19, generally between 9 - 3.

On Jul 7, 2017 5:14 PM, "George Burnett" <GB@lcojlaw.com> wrote:

Jim—I don't think we are going to agree on this but let's get the Schenk meeting scheduled and done so we know whether there is an issue on the calculations. Get me dates and I will get it arranged. Thanks.

**From:** James A. Walcheske [mailto:jwalcheske@walcheskeluzi.com]
**Sent:** Friday, July 7, 2017 4:40 PM
**To:** George Burnett <GB@lcojlaw.com>
**Cc:** James A. Walcheske <jwalcheske@walcheskeluzi.com>; Jodi Arndt Labs <jodi@lcojlaw.com>; Bonnie Houlihan <bonnieh@lcojlaw.com>
**Subject:** Re: [REVIEW] Fast v. Cash Depot

George -

I have no problem holding the July 17th date in abeyance, assuming I meet with Schenk asap. However, I want to make clear now that in the event it is confirmed that the calculations were incorrect, I expect responses within one week of that meeting.

With respect to the second set of discovery, I expect responses regardless of what happens with Schenk. Even in the event the calculations were correct and as I told you on the phone, I cannot assert to the Court that the claims of my clients and the putative class are moot when I have zero information to base that on with the exception of your client's statements that they were paid all outstanding amounts. That would be a complete and utter failure to do my job and we would also be asking the Court to neglect its duty in a class action situation to protect the interests of the class. I'm not interested in doing either.

While I am aware I do not personally represent any of the putative class members, this is a class action. The identities of those individuals, a calculation of what they were owed, and the amounts they received is necessary to protect the putative class. This information is all readily obtainable and, based on the recent payments, should all have been collected already.



This e-mail, and any attachment to this e-mail, is intended only for the person to whom it is addressed and may contain information that is privileged, confidential, and exempt from disclosure. Use, distribution, or copying by anyone else is prohibited. If you receive this in error, please notify us promptly and then destroy this communication.

On Fri, Jul 7, 2017 at 3:45 PM, George Burnett <GB@lcojlaw.com> wrote:

Jim—This response leaves me puzzled since we just stipulated to a stay of all proceedings for 60 days to give you time to address the methodology and computation of your client's purported loss with the accountants. The stipulation occurred at your request. Permitting such a meeting is an unusual and unrequired step. I did that, however, to avoid the expense of litigating what the accountants tell us is a very small financial matter compared with the litigation costs involved. Supplementing discovery answers to provide information about sums already paid to people you do not represent undoes much of what the stipulation accomplishes and is counter-productive.

It seems to me that sitting down with the accountants for an explanation of how they calculated your client's payment is a reasonable and very practical step. If they are correct, the matter is moot and the claim should end. I understand from our conversation, however, that you do not believe these CPAs correctly calculated your client's purported losses. While I am skeptical that your computations are accurate and the accounting firm's are not, this involves mathematics so there can be just one correct answer.

Do not expect supplemental answers by the 17th. I would think that you would honor your agreement and the court's order, meet with the accountant as planned and refrain from declaring that Cash Depot's payment was inadequate until you get the facts. Thanks.

**From:** James A. Walcheske [mailto:jwalcheske@walcheskeluzi.com]
**Sent:** Friday, July 7, 2017 2:05 PM
**To:** George Burnett <GB@lcojlaw.com>
**Cc:** James A. Walcheske <jwalcheske@walcheskeluzi.com>; Jodi Arndt Labs <jodi@lcojlaw.com>; Bonnie Houlihan <bonnieh@lcojlaw.com>
**Subject:** Re: [REVIEW] Fast v. Cash Depot

Technically, yes, but I do expect it will be satisfied. The reason being, as I stated to you, that the payments your client made did not sufficiently compensate all putative class members. Regardless of whether you agree, that is our stance on the matter. Accordingly, this matter is still very much in dispute, leaving no basis for continuing to not provide me with the information.

I understand your client continues to seek ways to address this without accepting any manner of liability; however, our interests are clearly not aligned. Unless a judgment is entered or a all-encompassing settlement is reached, we will continue litigating on behalf of our client and the putative class.

I look forward to receiving satisfactory responses by July 17th. Have a good weekend.

This e-mail, and any attachment to this e-mail, is intended only for the person to whom it is addressed and may contain information that is privileged, confidential, and exempt from disclosure. Use, distribution, or copying by anyone else is prohibited. If you receive this in error, please notify us promptly and then destroy this communication.

On Fri, Jul 7, 2017 at 1:52 PM, George Burnett <GB@lcojlaw.com> wrote:

Jim—I presume this letter was drafted before our stipulation to stay all proceedings for 60 days. Let me know when you want to meet the accountant so I can arrange it. Please give me some lead time given vacation schedules. Thanks and have a good weekend.

**From:** James A. Walcheske [mailto:jwalcheske@walcheskeluzi.com]
**Sent:** Thursday, July 6, 2017 2:26 PM
**To:** George Burnett <GB@lcojlaw.com>
**Subject:** [REVIEW] Fast v. Cash Depot

Please see the attached correspondence relating to Defendant's responses to Plaintiff's first set of discovery in this matter, as well as a brief second set of discovery to Defendant.

Error! Filename not specified.

This e-mail, and any attachment to this e-mail, is intended only for the person to whom it is addressed and may contain information that is privileged, confidential, and exempt from disclosure. Use, distribution, or copying by anyone else is prohibited. If you receive this in error, please notify us promptly and then destroy this communication.