

**WALCHESKE & LUZI**
Wisconsin's Employment Law Firm™

July 13, 2017

*Via facsimile only*
*(920) 437-2868*

George Burnett, Esq.
Jodi Arndt Labs, Esq.
Conway, Olejniczak & Jerry S.C.
231 South Adams Street
P.O. Box 23200
Green Bay, WI 54305-3200

   **Re:**  **Fast v. Cash Depot, LTD.**

Dear Counsel:

Enclosed please find Plaintiff's Answers and Objections to Defendant's [Second Set] of Interrogatories and Request to Produce Documents. The client signature page is forthcoming.

We assume that there was a typo with regard to the titling of the Defendant's discovery requests as we did not receive a first or initial set of discovery requests from Defendant. If another set of discovery requests was sent to Plaintiff, please advise.

Thank you.


Sincerely,
**WALCHESKE & LUZI, LLC**

*s/ Kelly L. Temeyer*

Kelly L. Temeyer
Attorney at Law
ktemeyer@walcheskeluzi.com

---

www.walcheskeluzi.com  contact@walcheskeluzi.com

**BROOKFIELD**
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax (262) 565-6469

**APPLETON**
4321 West College Avenue, Ste 200
Appleton, Wisconsin 549
Phone: (920) 757-24
Fax (262) 565-646

**BY APPOINTMENT**
Glendale (Bayshore Mall)
Milwaukee (Downtown)
Elm Grove
Menomonee Falls

**EXHIBIT**
**12**

TIMOTHY J. FAST,
on behalf of himself and
all others similarly situated,

        Plaintiff,

v.                                    Case No. 16-CV-1347

CASH DEPOT LTD.,

        Defendant.

## PLAINTIFF'S ANSWERS TO DEFENDANT'S [SECOND SET] OF INTERROGATORIES AND REQUEST TO PRODUCE DOCUMENTS

## GENERAL RESERVATIONS AND OBJECTIONS

1.     These responses are made on the basis of information presently available and located by Plaintiff, and Plaintiff reserves the right to modify his responses and/or objections with such additional information as subsequently may be discovered.

2.     The responses and objections herein are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility and to any and all other objections on the grounds which would require the exclusion from evidence of any statement herein, if any interrogatory were asked of, or any statement contained herein were made by a witness present and testifying in court, all of such objections and grounds are expressly reserved so that these may be made at trial.

3.     Plaintiff objects to each of the interrogatories to the extent that they seek information regarding communications between Plaintiff and his legal counsel on the ground that such communications are privileged and not subject to discovery. No response is intended to waive

such privilege, including the inadvertent disclosure of any privileged information which resulted from Plaintiff's good faith effort to thoroughly respond to these interrogatories in the required period of time. Accordingly, Plaintiff reserves the right to recall any privileged information that was inadvertently disclosed in responding to these Discovery Requests.

## INTERROGATORIES

**INTERROGATORY NO. 1:** With regard to the costs incurred or expended to date on your behalf for the above-referenced litigation, provide a description of each item of costs, the amount of such cost, indicate whether the cost has been paid, the amount of the payment, and the person or entity making the payment. Attached to your answer any document corroborating any aspect of your answer.

**ANSWER:** Plaintiff objects to this Interrogatory as overbroad and requesting information and/or documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving said objection, as of July 12, 2017, Plaintiff has incurred approximately $402.35 ($400 for the filing fee paid to the Eastern District of Wisconsin and $2.35 in postage) in costs related to the above-referenced litigation. Because litigation of this matter is ongoing, Plaintiff reserves the right to amend this response to reflect additional costs, as incurred. Further, by answering this Interrogatory, Plaintiff has not and does not agree to accept reimbursement for costs in the amounts stated herein as a form of settlement of his claims against Defendant.

**INTERROGATORY NO. 2:** With regard to the attorney's fees incurred or expended to date in this litigation, (A) describe the total amount of the fees incurred, the nature of each legal service and/or activity for which any charged was made for legal services, the amount of time spent on each such legal service and/or activity, the amount of the charged for such legal service

2

and/or activity, and state whether payment has been made, and if so, by whom an when; (B) if the legal charges were based on increments of time, such as an hourly charge describe for each person providing legal service and/or activity, the amount of the charge, indicate the capacity (i.e. attorney, paralegal, administration staff, etc.) of the person performing such legal service and/or activity, describe the qualifications of such person to perform those tasks. Indicate the nature of the fee agreement between you and your attorneys: this means whether the fee agreement is hourly, a flat fee, or contingent based on recovery or any other arrangement.

Attach to your answer, any document corroborating any aspect of your answer.

**ANSWER:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and requesting information and/or documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving said objection, as of July 12, 2017, Plaintiff has incurred approximately $12,931.00 in attorneys' fees related to the above-referenced litigation. Because litigation of this matter is ongoing, Plaintiff reserves the right to amend this response to reflect the additional attorneys' fees he continues to incur. Further, by answering this Interrogatory, Plaintiff has not and does not agree to accept reimbursement for his attorneys' fees in the amount stated herein as a form of settlement of his claims against Defendant.


As to objections only,

Dated this 13th day of July, 2017.

                                        WALCHESKE & LUZI, LLC
                                        Attorneys for Plaintiff


                                        By: s/ *Kelly L. Temeyer*
                                            James A. Walcheske, State Bar No. 1065635
                                            Scott S. Luzi, State Bar No. 1067405
                                            Kelly L. Temeyer, State Bar No. 1066294

15850 W. Bluemound Rd., Suite 304
Brookfield, WI 53005
Phone: 262-780-1953
Fax: 262-565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
ktemeyer@walcheskeluzi.com

4



July 6, 2017

**VIA EMAIL ONLY (GB@lcojlaw.com)**

George Burnett, Esq.
Conway, Olejniczak & Jerry, S.C.
231 S. Adams Street
Green Bay, WI 54305

   Re:<u>Fast v. Cash Depot, Ltd.</u>
   **Case No. 16-CV-1637**

Dear Attorney Burnett:

Please allow this letter to follow-up, in part, on our teleconference this morning, as well as Defendant's Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents. During our call, I stated my understanding, based on Defendant's discovery responses in general, that Defendant was of the opinion that Mr. Fast's claims have essentially been rendered moot as a result of the audit conducted by Schenck, S.C., and the subsequent payments that were made to Defendant's employees resulting from that audit. You confirmed, clarifying that Defendant believes the matter is moot (rather than my equivocation). In response, I indicated that I could not certify to the Court that this matter was mooted because I was not provided with information indicating who was paid, the amounts that were paid to each person, and the underlying calculation. We then moved into a discussion regarding the calculations themselves and my deep concerns therewith.

An outcome of our discussion was an agreement to stay the Court's Scheduling Order while the concerns I raised were addressed. However, and we did not discuss this on the call, even if the calculations are remedied, I will still not be in a position to certify to the Court that this matter is moot without the information for each individual. I will be sending discovery to you shortly requesting that information.

As a more immediate matter and particularly in light of my concerns with the calculations used to recently provide additional compensation to Defendant's employees, there are deficiencies with Defendant's responses, particularly with respect to Defendant's responses to Interrogatory Nos. 1 and 11, and Request to Produce Nos. 1, 4, 5, 7, and 9. Those deficiencies are outlined below.

---

www.walcheskeluzi.com  contact@walcheskeluzi.com

BROOKFIELD
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469

APPLETON
4321 West College Avenue, Ste 200
Appleton, Wisconsin 54915
Phone: (920) 757-2440
Fax: (262) 565-6469

Interrogatory No. 1: This Interrogatory asked Defendant to identify the putative class – "any and all individuals employed in the position of non-exempt Field Service Technician at any time during the time period of December 9, 2013 to the date of your responses" – and to provide specific information pertaining to each identified individual.

In response, Defendant objected to this Interrogatory as "overbroad, unduly burdensome and not proportional to the needs of the case considering (1) the amount in controversy and (2) the marginal importance of the requested information in resolving the issues in this matter." Further, Defendant objected that the Interrogatory was "irrelevant, primarily due to the fact Cash Depot has paid its field service technicians all wages owed to them, including overtime." In light of those objections, Defendant did not provide any responsive information.

First, we have not yet established the amount in controversy because Defendant has not provided us any information about the putative class necessary to calculate the same. Second, information about the putative class is of central, not "marginal," importance. Third and as discussed during our call today, this information remains relevant because Defendant has not provided us any information regarding whom it may additional payments to, the amounts of those payments, or the calculations underlying those payments. Further, the information that it did provide relating solely to Mr. Fast, demonstrates that the putative class' damages were miscalculated and underpaid.

Accordingly, and because this remains an open and ongoing dispute, please provide the requested information.

Interrogatory No. 11: This Interrogatory asked Defendant to "[i]dentify any and all states in which Defendant employed individual(s) in the position of Service Technician, or that position's equivalent, from the period of December 9, 2013 to the date of your responses."

In response, Defendant objected on the same grounds stated in its response to Interrogatory No. 1, and did not provide any responsive information.

For the same reasons I stated with respect to Interrogatory No. 1, above, please provide the requested information.

Request to Produce No. 1: This Request asked Defendant to produce "any and all documents identified in Defendant's Initial Disclosures, in whatever form maintained."

In response, Defendant objected on the same grounds stated in response to Interrogatory No. 1, and provided only copies of Mr. Fast's personnel file and time cards and payroll records. Defendant did not provide any of the other documents identified in its Initial Disclosures.

For the same reasons I stated with respect to Interrogatory No. 1, above, please provide the requested information.

Request to Produce No. 4: This Request asked Defendant to produce "any and all employment policies, procedures and/or handbooks maintained by Defendant for its non-exempt Field Service Technicians applicable to the time period of December 9, 2013, to the date of your responses,"

including documentation showing any updates or revisions thereto.

In response, Defendant objected on the same grounds stated in response to Interrogatory No. 1, and further objected that this Request "seeks policies and handbooks that are irrelevant to the issue of overtime compensation." By incorporation, Defendant referred back to Exhibits C and D. Exhibit C is a one-page, manipulated document that contains three sections (presumptively, but not even necessarily, complete sections) from Defendant's "ATM Technician Policy Handbook" relating to "Lunch / Break Times," "Overtime," and "On Call Shifts." Exhibit D is a "Memo" dated "8/4/15" relating to Defendant's "Road to 10 Million Bonus Program." Defendant did not otherwise produce its policies, procedures, or handbooks, or any revisions thereto.

For the same reasons I stated with respect to Interrogatory No. 1, above, please provide the requested information. Further, and while I appreciate that Defendant may maintain policies and/or handbook provisions that may ultimately not be relevant, Defendant is not in a position to decide relevance or otherwise pick and choose what it produces based on its self-analysis of those policies and provisions.

Request to Produce No. 5: This Request asked Defendant to produce "any and all policies or procedures as they existed in 2013, 2014, 2015, 2016, and 2017 that relate to the tracking or recording hours of work, and overtime, as well as any changes thereto since the filing of Plaintiff's Complaint."

In response, Defendant objected on the same grounds stated in response to Interrogatory No. 1. That objection notwithstanding and by incorporation, Defendant referred back to Exhibits C and D. Again, Exhibit C is a one-page, manipulated document that contains three sections (presumptively, but not even necessarily, complete sections) from Defendant's "ATM Technician Policy Handbook" relating to "Lunch / Break Times," "Overtime," and "On Call Shifts," and Exhibit D is a "Memo" dated "8/4/15" relating to Defendant's "Road to 10 Million Bonus Program." Neither Exhibit C nor Exhibit D is responsive to this Request, and Defendant did not otherwise produce any responsive information.

For the same reasons I stated with respect to Interrogatory No. 1, above, please provide the requested information.

Request to Produce No. 7: This Request asked Defendant to produce "any and all policies and/or procedures as they existed in 2013, 2014, 2015, 2016, and 2017 that relate to any bonuses or additional compensation (potentially) available to non-exempt Field Service Technicians, as well as any changes thereto since the filing of Plaintiff's Complaint."

In response, Defendant objected on the same grounds stated in response to Interrogatory No. 1. That objection notwithstanding and by incorporation, Defendant again referred back to Exhibits C and D. The contents of those Exhibits have been discussed herein. While Exhibit D appears responsive, in that it relates to Defendant's "Road to 10 Million Bonus Program," it is from 2015, and no other responsive information was provided, leaving open the question of whether any other responsive information exists that should have been properly produced.

For the same reasons I stated with respect to Interrogatory No. 1, above, please provide any additional, responsive information. If none exists, please amend the response to state the same.

Request to Produce No. 9: This Request asked Defendant to produce "any and all communications, including, but not limited to, correspondence, memoranda, and e-mail communications, by and/or between agents, employees, officers, and/or directors of Defendant regarding or related to Defendant's policies and/or practices concerning overtime, Defendant's defined workweek, on-call or off-duty work, payment of shift premiums or differentials, or tracking or recording of time worked by the individuals identified in response to Interrogatory No. 1 propounded above."

In response, Defendant objected on the grounds that the Request is "overbroad and not reasonably calculated to lead to admissible evidence," and that the requested information is "irrelevant."

I again will remind Defendant that it is not in a position to decide relevance, particularly when it comes to communications that are certainly discoverable and could lead to the discovery of admissible evidence, particularly in cases brought under the Fair Labor Standards Act, where knowledge and willfulness are at issue. Accordingly, please provide the requested information.

All of the foregoing information is within the Defendant's possession and control and should have been promptly preserved upon notice of Plaintiff's Complaint. Accordingly, it should not be laborious to provide. Therefore, I ask that Defendant supplement and/or amend its discovery responses **by no later than Monday, July 17, 2017**.

Sincerely,
**WALCHESKE & LUZI, LLC**

s/ *James A. Walcheske*

James A. Walcheske
Attorney at Law
jwalcheske@walcheskeluzi.com

cc:     Mr. Timothy Fast