Thomas M. Olejniczak
Frederick L. Schmidt
R. George Burnett
Gregory A. Grobe
Tori L. Kluess
Robert M. Charles
Brick N. Murphy
Jodi Arndt Labs
David H. Weber
Ross W. Townsend
Michele M. McKinnon
Kurt A. Goehre
James M. Ledvina
Steven J. Krueger
Jill J. Ray
Joshua M. Koch

# Law Firm of
# CONWAY, OLEJNICZAK & JERRY, S.C.

Since 1976

Retired:
Gregory B. Conway
J. Michael Jerry

Telephone: (920) 437-0476

Facsimile: (920) 437-2868

gb@lcojlaw.com

www.lcojlaw.com

July 17, 2017
**Via E-mail**

Attorney Kelly L. Temeyer
Walcheske & Luzi
15850 W. Bluemound Road, Suite 304
Brookfield, WI 53005
ktemeyer@walcheskeluzi.com

Re: **Fast, Timothy J. vs. Cash Depot, Ltd.**

Dear David:

Thank you for your recent correspondence and transmitting the Plaintiff's answers to the Defendant's second set of interrogatories and request to produce documents.

I believe, however, that the responses are incomplete. We asked for not only information as to the amount of fees and costs, but also for a description of the rates involved, the nature of the activity conducted, the person conducting it, etc. This is the type of information that is provided on legal bills routinely and I ask that you supplement your response to provide it. It is the type of information that is neither overbroad nor seeks privileged or work product communications. Instead, it is the information that would have been routinely submitted to the Court in seeking approval of attorney's fees.

As you are aware, your client's claim seeks reimbursement of those fees, so that makes this information the appropriate subject of discovery. More importantly, as you may be aware, we have calculated the sums that would be due if every allegation in your client's complaint were correct and transmitted a check to your partner in that payment. With that transmittal letter we asked for an explanation of current fees and costs, but have received nothing besides your response to this discovery. Obtaining the information is appropriate and necessary in order to fully compensate your client for his allegations.

Lastly, I am not insensitive to the possibility that your billing records may reveal communications that would be privileged. I suggest the appropriate response would be to redact a description of any privileged communications or communications that would reveal an


EXHIBIT 13

231 *[illegible]* Green Bay, WI 54301
P.O. Box 23200 • Green Bay, WI 54305-3200 • Phone: 920.437.0476 • Fax: 9[...]

attorney's mental impressions or strategic decisions. If the redactions appear inappropriate, we can take that issue up at that time.

Finally, there is currently a stay on all proceedings, so it is not necessary for you to have responded to this discovery or to supplement any responses until that stay expires. I send this correspondence solely for the purpose of alerting you now that we believe the responses are incomplete, so that you are not misled if we need to raise the issue in the future.

I hope this letter fully explains our position, but if it does not or you have further questions or comments please let me know. Hopefully, we can resolve our disagreements without the need for a more formal motion practice.

Thank you very much.

Very truly yours,

**LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.**

By: _____
George Burnett

GB:plh: 263629