UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TIMOTHY J. FAST,
on behalf of himself and all
others similarly situated,

        Plaintiff,

v.                             Case No.: 16-CV-1637

CASH DEPOT, LTD.,

        Defendant.

## DECLARATION OF JODI ARNDT LABS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I, Jodi Arndt Labs, declare as follows:

1. I am a shareholder and attorney at the Law Firm of Conway, Olejniczak & Jerry, S.C., legal counsel for Defendant, Cash Depot, Ltd. ("Cash Depot"). I have been working directly with Attorney George Burnett on this matter.

2. I submit this Declaration in Support of Defendant's Motion for Summary Judgment.

3. Our office retained the services of Schenck S.C. ("Schenck") to conduct a wage audit of Cash Depot's payroll records for December 2013 – February 2017.

4. Schenck determined that Cash Depot owed the Plaintiff, Timothy Fast, $190.38 in additional overtime compensation; such amount was based on the on-call premiums paid for Mr. Fast's on-call weeks, along with the one non-discretionary bonus payment to Mr. Fast during his one-year employment with Cash Depot.

5. Cash Depot cut Mr. Fast a payroll check for $380.76, which represents the amount owed to him plus liquidated damages in the same amount per the remedies afforded under the Fair Labor Standards Act. Our office mailed Mr. Fast's payroll check to his legal counsel, James Walcheske, on June 6, 2017. Attached as **Exhibit 1** is a true and correct copy of Attorney George Burnett's letter to Attorney Walcheske enclosing the payroll check. Attorney Walcheske's office has not returned the payroll check to Cash Depot or our office.

6. On June 21, 2017, I mailed to Attorney Walcheske Defendant's Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents. Defendant's Responses included a summary of how Schenck had calculated the additional overtime compensation due to Mr. Fast. We also included a copy of Schenck's spreadsheet summarizing its wage calculations. Attached as **Exhibit 2** is a true and correct copy of my June 21, 2017 correspondence and Defendant's Responses to Plaintiff's First Set of Interrogatories and Request to Produce Documents. Attached as **Exhibit 3** is a true and correct copy of Schenck's spreadsheet that was attached to Defendant's discovery responses as Exhibit B.

7. On July 13, 2017, we received a letter from Attorney Kelly Temeyer, an associate at Attorney Walcheske's office. The July 13th letter included a copy of Plaintiff's Answers and Objections to Defendant's [Second Set] of Interrogatories and Request to Produce Documents. The Plaintiff's discovery responses addressed Cash Depot's request for information pertaining to the costs and attorneys' fees incurred to date to advance Mr. Fast's wage claim. Although we requested details and backup documentation to support the Plaintiff's costs and attorneys' fees, we received vague responses that did not provide any supporting detail. Attached as **Exhibit 4** is a true and correct copy of the July 13, 2017 correspondence, accompanied by Plaintiff's Answers

and Objections to Defendant's [Second Set] of Interrogatories and Request to Produce Documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of August, 2017 at Green Bay, Wisconsin.

/s/ Jodi Arndt Labs