UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

TIMOTHY J. FAST
on behalf of himself and all
others similarly situated,

       Plaintiff,

v.

CASH DEPOT, LTD.,

       Defendant.

Case No. 16-CV-1637

**PLAINTIFF'S CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION FOR CONTINUATION OF STAY AND TO LIMIT PUTATIVE CLASS COMMUNICATIONS**

Plaintiff, Timothy Fast, by his attorneys, Walcheske & Luzi, LLC, and pursuant to Civil L.R. 7(h), moves the Court for a continuation of the stay on proceedings ordered on July 7, 2017, and to limit Defendant's communications with putative collective/class members.

On March 15, 2017, the Court entered its Scheduling Order in this matter and ordered, among other things, that Plaintiff's motion for conditional certification be filed on or before July 14, 2017. (ECF No. 13.) On May 12, 2017, Plaintiff served Defendant with His First Set of Interrogatories and Request for Production of Documents ("Plaintiff's first set of discovery"). (Declaration of Kelly L. Temeyer ("Temeyer Decl."), ¶ 2.) Plaintiff's first set of discovery requested information necessary to support Plaintiff's anticipated motion for conditional certification. (*Id.* at ¶ 3.)

On June 21, 2017, Defendant provided Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents ("Defendant's discovery responses"). (Declaration of James A. Walcheske ("Walcheske Decl.") ¶ 3.) Defendant failed and refused to

provide any responsive information relating to the putative class/collective, objecting that such information was "irrelevant, primarily due to the fact Cash Depot has paid its field service technicians all wages owed to them, including overtime."[1] (*Id.* at ¶ 4.) Defendant refused to comply with its discovery obligations based on its subjective determination that Plaintiff's claims were moot.[2] (*Id.* at ¶ 4.) As a result of Defendant's refusal to provide any information necessary to support Plaintiff's anticipated motion for conditional certification, as well as its payment of unknown amounts to unknown individuals, Plaintiff requested and Defendant agreed to stipulate to a stay of proceedings to address these matters. (*Id.* at ¶ 7.)

On July 6, 2017, the parties filed their Stipulation. (ECF No. 14.) On July 7, 2017, the Court entered an Order staying all proceedings and ordered Plaintiff's counsel to advise the Court of the status of this matter within sixty (60) days, or September 5, 2017. (ECF No. 15.)

During the stay period, Plaintiff obtained information regarding Defendant's calculations underlying the additional compensation it paid to Plaintiff and the putative class/collective. (Walcheske Decl. ¶ 10.) Plaintiff determined that the method(s) used in the calculations were incorrect, and informed Defendant that a dispute still existed regarding the amounts owed. (*Id.* at ¶¶ 11-12.)

On August 4, 2017, Defendant filed its Motion to Lift the Temporary Stay of Proceedings, (ECF No. 16.), Motion to Dismiss on Mootness Grounds, (ECF No. 17), and Motion for Summary Judgment (ECF No. 22) (collectively, "Defendant's Motions"). In light of Defendant's Motion to Lift the Temporary Stay and because, to date, Defendant has failed and refused to provide any information

---

[1] Defendant's discovery responses disclosed that, in response to the allegations set forth in Plaintiff's Complaint, Defendant provided additional compensation to Plaintiff and the putative class/collective. However, Defendant did not identify the actual amount paid, the calculations underlying its payments, the identity of any individuals who received such payments, or even the number of individuals to whom Defendant provided such payments. (*Id.* at ¶¶ 4, 6.)
[2] Plaintiff's counsel confirmed this belief in a subsequent teleconference with Defendant's counsel. (*Id.* at ¶ 8.)

necessary to support Plaintiff's motion for conditional certification,[3] Plaintiff asks that the Court continue the stay of proceedings ordered on July 7, 2017, (*see* ECF No. 15), until such time that the Court decides Defendant's Motions.

Additionally, during the course of this matter and without any notice to Plaintiff's counsel or this Court, Defendant communicated directly with putative class/collective members by issuing them checks of unspecified amounts in an attempt to circumvent the class/collective action process and materially affect the rights of such individuals. (Walcheske Decl. ¶¶ 5, 14-16.) Defendant also made clear that it will (again) distribute checks directly to the putative class/collective members in an attempt to circumvent proper class/collective procedures if necessary.[4] (*Id.* at ¶ 9.) Such conduct severely impacts the legal rights of Plaintiff, as well as putative class/collective members, who do not have any information about Plaintiff's claims or how their legal rights are affected. (*See id.* at ¶ 15.)

Defendant's actions in this regard are even more demonstrably suspect given *its blanket refusal to provide Plaintiff with the names and contact information of those same putative class/collective members with whom it is communicating.*

"Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 99-100, 101 S. Ct. 2193 (1981). FED. R. CIV. P. 23(d) grants this Court the authority to limit communications with putative class members, particularly those that could interfere with the rights of the parties. *See id.* at 101-02.

Based on Defendant's interference with Plaintiff's rights and the rights of the putative class/collective, as well as its stated intent to continue doing so, Plaintiff asks that the Court limit

---

[3] (*see* Walcheske Decl. ¶ 13)
[4] By necessity, Plaintiff will disclose his method of calculation in responding to Defendant's Motions. Based on Defendant's stated intent, it is probable that Defendant would use Plaintiff's method to (again) disburse checks to Plaintiff and the putative class/collective, in interference with their legal rights. (*Id.* at ¶ 17.)

3

Case 1:16-cv-01637-WCG    Filed 08/22/17    Page 3 of 4    Document 28

Defendant's ability to engage in such communications. Specifically, Plaintiff asks that the Court order Defendant not to send additional checks to Plaintiff and/or the class/collective. Defendant's communications in this matter have interfered with Plaintiff's attempt to vindicate his rights, as well as those of the putative class/collective. Allowing Defendant to continue such communications unimpeded would allow Defendant to continue such interference and subvert proper class/collective procedure, including, but not limited to, this Court's role in the same.

For all of these reasons, the Court should continue the stay of proceedings ordered on July 7, 2017, and limit Defendant's putative class/collective communications.

Dated this 22nd day of August, 2017.

> WALCHESKE & LUZI, LLC
> Counsel for Plaintiff
>
> **s/ *James A. Walcheske***
> James A. Walcheske, State Bar No. 1065635
> Scott S. Luzi, State Bar No. 1067405
> Jesse R. Dill, State Bar No. 1061704