UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

TIMOTHY J. FAST,
on behalf of himself and
all others similarly situated,

        Plaintiff,

v.                               Case No. 16-CV-1347

CASH DEPOT LTD.,

        Defendant.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

**INSTRUCTIONS**

    A. In answering these discovery requests, you must furnish all requested information not subject to valid objection that is known by, possessed by, or available to you or your agents, employees, attorneys, consultants or representatives.

    B. If you are unable to fully answer any of these discovery requests, you must answer them to the fullest extent possible, specifying the reason or reasons for your failure to answer the remainder, and stating whatever information, knowledge or belief you have concerning the unanswerable portion.

    C. If you object to any discovery request as being vague or ambiguous, identify each word or phrase that you consider to be vague or ambiguous, define that term as you understand it, and answer the discovery request according to your understanding.

D. If you object to any discovery request as being overly broad, state what you believe to be a proper limitation of the breadth of the discovery request and answer it according to that limitation.

E. An evasive or incomplete answer is deemed to be a failure to answer and may render you or your attorney, or both, liable for the expenses of a motion.

F. Each lettered subpart of a numbered discovery request (if any) is to be considered a separate request for the purpose of objection. You must object separately to each subpart, and if you object to less than all of the subparts of a numbered discovery request, then you must answer the remaining subparts. In addition, if you object to a discovery request or a subpart thereof as calling for information that is beyond the scope of discovery, you must, nevertheless, answer the request or subpart thereof, to the extent that it is not objectionable.

G. Each Interrogatory must be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection must be stated in lieu of answer.

H. You are under a continuing duty to reasonably supplement your responses with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, and the identity of each person expected to be called as a witness at trial and the subject matter in which she or he is expected to testify. Furthermore, you are under similar duty to correct any incorrect response when you later learn that it is incorrect or no longer true.

# DEFINITIONS

The following definitions apply to all discovery requests:

(1) **Communication.** The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

(2) **Document.** The term "document" is synonymous in meaning and equal in scope of usage to the definition found in RULE 34(a), FED.R.CIV.P. (including writings, emails, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained, translated, if necessary, by the opposing party through detection devices into reasonably usable form). A draft or non-identical copy is a separate document within the meaning of this term.

(3) **Identify.**

(i) **With Respect to Persons.** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(ii) **With Respect to Documents.** When referring to documents, "to identify" means to give, to the extent known, the type of document, general subject matter, date of the document, and author(s), addressee(s), and recipient(s).

(4) **Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(5) **Person.** The term "person" is defined as any natural person or any business, legal, or governmental entity, or association.

(6) **This Matter.** The term "this matter" refers to the above-captioned matter.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify any and all individuals employed in the position of non-exempt Field Service Technician at any time during the time period of December 9, 2013 to the date of your responses. For each individual identified, identify the following information for the time period of December 9, 2013, to the present date:

    a. name;

    b. last known home address;

    c. last known home telephone number;

    d. last known cellular phone number;

    e. last known e-mail address;

    f. dates of employment;

    g. the cities or territories the individual serviced;

    h. the reporting structure for the individual (who the individual reported to and who that individual reported to at Defendant);

i. each and every position the individual held at Defendant and his/her job duties and responsibilities in each position;
  j. the individual's rate(s) of compensation while employed by Defendant and the date of any change(s) to the individual's compensation;
  k. the total hours worked by the individual at Defendant for each and every workweek; and
  l. the reason(s) the individual is no longer employed at Defendant(s), if any.

**INTERROGATORY NO. 2:** Identify any and all individuals who reviewed and/or approved electronic timecards submitted to Defendant for the period of December 9, 2013, to the present date, for any and all individuals identified in response to Interrogatory No. 1 propounded above. For each and every individual identified, identify the following information for the time period of December 9, 2013, to the present date:

  a. name;
  b. last known home address;
  c. last known home telephone number;
  d. last known cellular phone number;
  e. last known e-mail address;
  f. dates of employment;
  g. each and every position the individual held at Defendant and his/her job duties and responsibilities in each position; and
  h. the reason(s) the individual is no longer employed at Defendant, if any.

**INTERROGATORY NO. 3:** Identify the process through which: Plaintiff recorded his time worked at Defendant; Defendant retrieved Plaintiff's electronic timecard; Defendant reviewed the information contained on Plaintiff's electronic timecard;

5

Defendant entered the information contained on Plaintiff's electronic timecard into its timekeeping and/or payroll system; and Defendant ultimately compensated Plaintiff for the time contained on Plaintiff's timecards. If any part of these processes changed during the course of Plaintiff's employment at Defendant, identify what part of the process changed, the date the process changed, who directed the process change, and the reason for the change to the process.

**INTERROGATORY NO. 4:** Identify the timekeeping and/or payroll software utilized by Defendant during the time period of December 9, 2013 to the date of your responses and the method(s) through which Defendant backed up or copied said software and/or its timekeeping and payroll records.

**INTERROGATORY NO. 5:** For the time period of December 9, 2013 to the date of your responses, identify how Defendant defined a "workweek" for individuals employed in the position of non-exempt Field Service Technician. If the defined workweek differed by region or any other identifying characteristic, identify each region or other identifying characteristic's corresponding workweek.

**INTERROGATORY NO. 6:** For the time period of December 9, 2013 to December 9, 2016, identify each pay period, including the start date of each pay period and the end date of each pay period.

**INTERROGATORY NO. 7:** Identify any and all practices and/or policies Defendant maintained or utilized for the time period of December 9, 2013 to the date of your responses to relating to the compensation of individuals employed in the position of non-exempt Field Service Technician, including, but not limited to any practices and/or policies relating to compensation to non-exempt Field Service Technicians who performed work in excess of forty (40) hours in a workweek, and any practices and/or

policies relating to compensation to non-exempt Field Service Technicians who performed "on call" work and/or work during "off duty" hours in any workweek.

**INTERROGATORY NO. 8:** Identify any and all practices and/or policies Defendant maintained or utilized for the time period of December 9, 2013 to the date of your responses to determine the "regular rate of pay" for individuals employed in the position of non-exempt Field Service Technician, who:

a. Performed work in excess of forty (40) hours in any workweek;

b. Performed "on call" work and/or work during "off duty" hours in any workweek;

c. Earned non-discretionary bonuses, including, but not limited to, bonuses for being available to work "on call"; and/or

d. Received a shift premium.

**INTERROGATORY NO. 9:** Identify the name, job title, address, and telephone number of any and all individuals other than counsel of record who contributed information contained in Defendant's responses to these Interrogatories and Requests for Production of Documents and state whether each individual so identified has personal knowledge of Plaintiff's employment with Defendant.

**INTERROGATORY NO. 10:** Identify the name job title, address, and telephone number of any and all individuals other than counsel of record who contributed information contained in Defendant's Answer filed on February 10, 2017, and state whether each individual so identified has personal knowledge of Plaintiff's employment with Defendant.

**INTERROGATORY NO. 11:** Identify any and all states in which Defendant employed individual(s) in the position of Service Technician, or that position's equivalent, from the period of December 9, 2013 to the date of your responses.

## REQUESTS FOR PRODUCTION

**REQUEST TO PRODUCE NO. 1:** Produce any and all documents identified in Defendants' Initial Disclosures, in whatever form maintained.

**REQUEST TO PRODUCE NO. 2:** Produce any and all documents identified, referred to, or reviewed in any way in making your responses to the Interrogatories propounded above, in whatever form maintained.

**REQUEST TO PRODUCE NO. 3:** Produce any and all job descriptions for the position of non-exempt Field Service Technician, as well as for any other position titles that are its equivalent with respect to job duties and responsibilities.

**REQUEST TO PRODUCE NO. 4:** Produce any and all employment policies, procedures, and/or handbooks maintained by Defendant for its non-exempt Field Service Technician applicable to the time period of December 9, 2013, to the date of your responses. If any such policies, procedures, and/or handbooks were updated or revised subsequent to December 9, 2013, provide both the complete policy, procedure, or handbook as was in existence as of December 9, 2013, as well as a complete copy of the policy, procedure, or handbook as updated or revised.

**REQUEST TO PRODUCE NO. 5:** Produce copies of all policies and/or procedures as they existed in 2013, 2014, 2015, 2016, and 2017 that relate to tracking or

recording hours of work, and overtime, as well as any changes thereto since the filing of Plaintiff's Complaint.

**REQUEST TO PRODUCE NO. 6:** Produce copies of all policies and/or procedures as they existed in 2013, 2014, 2015, 2016, and 2017 that relate to "on call" work and/or work during "off duty" hours, as well as any changes thereto since the filing of Plaintiff's Complaint.

**REQUEST TO PRODUCE NO. 7:** Produce copies of all policies and/or procedures as they existed in 2013, 2014, 2015, 2016, and 2017 that relate to any bonuses or additional compensation (potentially) available to non-exempt Field Service Technicians, as well as any changes thereto since the filing of Plaintiff's Complaint.

**REQUEST TO PRODUCE NO. 8:** Produce copies of all policies and/or procedures as they existed in 2013, 2014, 2015, 2016, 2017 that relate to shift premiums or differentials paid by Defendant and/or made available by Defendant to non-exempt Field Service Technicians, as well as any changes thereto since the filing of Plaintiff's Complaint.

**REQUEST TO PRODUCE NO. 9:** Produce any and all communications, including, but not limited to, correspondence, memoranda, and e-mail communications, by and/or between agents, employees, officers, and/or directors of Defendant regarding or related to Defendant's policies and/or practices concerning overtime, Defendant's defined workweek, on-call or off-duty work, payment of shift premiums or differentials, or tracking or recording of time worked by the individuals identified in response to Interrogatory No. 1 propounded above.

Dated this ___12th___ day of May, 2017.

                                                              WALCHESKE & LUZI, LLC
                                                              Attorneys for Plaintiff

                                                      By: ***s/Kelly L. Temeyer***
                                                         James A. Walcheske, State Bar No. 1065635
                                                         Scott S. Luzi, State Bar No. 1067405
                                                         Jesse R. Dill, State Bar No. 1061704
                                                         Kelly L. Temeyer, State Bar No. 1066294

ADDRESS:
15850 W. Bluemound Rd., Suite 304
Brookfield, WI  53005
Phone:  262-780-1953
Fax:  262-565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
jdill@walcheskeluzi.com
ktemeyer@walcheskeluzi.com

10