UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

TIMOTHY J. FAST
on behalf of himself and all
others similarly situated,

    Plaintiff,

v.

CASH DEPOT, LTD.,

    Defendant.

Case No. 16-CV-1637

## DECLARATION OF JAMES A. WALCHESKE

Pursuant to 28 U.S.C. § 1746, I hereby declare the following to be true under penalty of perjury:

1. I am counsel for Plaintiff in the above-captioned matter.

2. Attorney Kelly L. Temeyer of Walcheske & Luzi, LLC has assisted with the litigation of this case by, among other things, drafting and serving Plaintiff's First Set of Interrogatories and Request for Production of Documents, as served on Defendant by Attorney Temeyer on May 12, 2017.

3. On June 21, 2017, I received Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents ("Defendant's discovery responses"). Attached hereto as Exhibit A is a true and correct copy of Defendant's discovery responses (exhibits omitted).

4. In reviewing Defendant's discovery responses, I noted that Defendant failed and refused to provide any responsive information relating to the putative class/collective, which was necessary to support our anticipated motion for conditional certification. Defendant's

1

discovery responses did so based on its objection that such information was "irrelevant, primarily due to the fact Cash Depot has paid its field service technicians all wages owed to them, including overtime." In other words, Defendant refused to provide Plaintiff with highly relevant information necessary to his pursuit of claims on behalf of a collective/class based on its own, subjective determination that Plaintiff's claims were moot as a result of additional compensation it allegedly provided to Plaintiff and the putative class/collective.

5. Prior to providing Defendant's discovery responses, Defendant made no indication that it had provided additional compensation to the putative class/collective or even that it was contemplating doing so. The parties had never even discussed possible damages and, to Plaintiff's knowledge, Defendant was denying liability in this matter.

6. Although Defendant's discovery responses stated that additional compensation was paid to Plaintiff and the putative class/collective, Defendant did not provide any proof thereof or details regarding that compensation, other than to state that the amount was "less than $22,000." Defendant did not identify the actual amount paid, the calculations underlying its payments, the identity of any individuals who received such payments, or even the number of individuals to whom Defendant provided such payments.

7. Because of Defendant's failure to provide any information necessary to support our anticipated motion for conditional certification, as well as its alleged payment of unknown amounts to unknown individuals, during a teleconference with Defendant's counsel on June 28, 2017, I requested that the parties stipulate to a stay of proceedings while these matters were addressed. Defendant's counsel agreed.

8. During my teleconference with Defendant's counsel on June 28, 2017, counsel confirmed Defendant's belief that Plaintiff's claims were moot as a result of the additional

compensation it (Defendant) allegedly provided to Plaintiff and the putative class/collective.

9. During my teleconference with Defendant's counsel on June 28, 2017, I discussed my understanding of Defendant's method of calculating the amount of additional compensation it paid to Plaintiff, as well as my concerns that such method of calculation was incorrect and that additional compensation was owed. In response and in part, Defendant's counsel told me that in the event additional compensation was still owed, Defendant would simply disburse additional checks.

10. During the stay period, I obtained information regarding Defendant's calculations underlying the additional compensation it paid to Plaintiff and the putative class/collective. Specifically, on July 20, 2017, I engaged in a teleconference with Defendant's counsel and a representative of Schenck S.C., the accounting firm that conducted the calculations underlying the additional compensation. During that call, the parties confirmed the method of calculation I had suspected was used and with which I did not agree.

11. Based on applicable statutory language, case law, the calculations performed by Schenck S.C., and the calculations I had performed based on the limited information Defendant provided in discovery, I determined that the method(s) used by Defendant were incorrect and that additional compensation was owed.

12. Via letter dated July 25, 2017, I informed Defendant that the method(s) it used to calculate the amount of overtime wages owed was incorrect and that a dispute still existed regarding the amount owed to Plaintiff and the putative class/collective.

13. To date, Defendant has failed and refused to provide any responsive information regarding the putative class/collective.

14. Based on Defendant's actions of allegedly providing additional compensation to the putative class/collective, its refusal to comply with its discovery obligations, and Defendant's recently filed Motion to Dismiss on Mootness Grounds and Motion for Summary Judgment, it is apparent that Defendant disbursed checks to Plaintiff and the putative class/collection in an effort to destroy the putative class/collective and to materially affect Plaintiff's legal rights and those of the putative class/collective.

15. Defendant has not provided any evidence or information indicating that individuals to whom Defendant sent a check were made aware of the purpose of the checks, what it represented, that Plaintiff had filed claims on their behalves, what those claims are, what their legal rights are, or how their legal rights were affected by the checks.

16. Defendant's conduct to date of disbursing checks without notice to the Court or Plaintiff, refusing to comply with its discovery obligations, filing a Motion to Dismiss on Mootness Grounds, as well as a Motion for Summary Judgment evince Defendant's intent to circumvent and subvert the class/collective action process, as well as the Court's role in that process as set forth in FED. R. CIV. P. 23.

17. Plaintiff anticipates having to disclose his method of calculating the amount of overtime owed by Defendant to Plaintiff and the putative class/collective in responding to Defendant's Motion to Dismiss on Mootness Grounds, as well as its Motion for Summary Judgment. Based on Defendant's past conduct and its statement to me that it would (again) disburse checks to Plaintiff and the putative class/collective if additional compensation was owed, it is probable that Defendant would use Plaintiff's method of calculation as disclosed in his response to disburse additional checks to Plaintiff and/or the putative class/collective to further interfere with Plaintiff's rights, as well as those of the class/collective.

4

Dated this 22nd day of August, 2017.

>***s/ James A. Walcheske***
>James A. Walcheske