UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TIMOTHY J. FAST,
on behalf of himself and all
others similarly situated,

    Plaintiff,

v.                Case No.: 16-CV-1637

CASH DEPOT, LTD.,

    Defendant.

## DEFENDANT'S RESPONSE BRIEF TO RULE 7(h) MOTION

  The Plaintiff seeks two orders, one continuing the stay of proceedings soon due to expire, and the second to preclude the defense from communicating with or making future payment to putative class members.

  The first motion contains inaccuracies, but none matter if the Plaintiff means, as he wrote, that the stay should continue "until such time that the Court decides Defendant's Motions." (R. 28:3). Staying proceedings, except for Defendant's pending motions, spares everyone unnecessary legal expenses and accomplishes what the defense sought in its motion to lift the stay. But the motion is ambiguous, for elsewhere the Plaintiff seeks a "continuation of the stay on proceedings ordered on July 7, 2017," without qualification. (R. 28:1). The Plaintiff supplies no reason justifying that broader stay. The Defendant only supports a stay that permits pending motions to proceed.

  The second motion, preventing the defense from making payment to or, apparently, communicating with putative class members altogether, is peculiar. That is an unusual objective for the named Plaintiff, who has no interest in whether others receive payment, and contradicts the professional obligations of his counsel, who should be promoting, not impeding, recovery.

While the Plaintiff contends that such efforts interfere with his "rights and the rights of the putative class/collective," (R. 28:3), he identifies none and never explains how increased payments possibly interfere. In fact, he has no right to limit payments.

> [P]laintiff has no legally protected right to sue on behalf of other[s] who prefer to settle; Fed. R. Civ. P. 23(e), requiring court approval of the dismissal or compromise of a class action, does not bar non-approved settlements with individual members which have no effect on upon the rights of others.

*Weight Watchers of Philadelphia, Inc., v. Weight Watchers International, Inc.*, 455 F.2d 770, 775 (3d Cir. 1972). According to In re *General Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1139 (7th Cir. 1979) [citations omitted], federal courts have little interest in superintending payments to individual class members, even after class certification:

> Rule 23 requires judicial approval of class action settlements to guard against possible ineffective representation of absentees' interests by the representative parties. This danger does not inhere in offers to settle with individual class members, which the class members are free to accept or reject. Accordingly, a proposed offer to settle with individual class members requires a lesser degree of judicial scrutiny than a proposed settlement of a class action.

Therefore, paying putative class members – based on allegations in the *Plaintiff's* complaint – is hardly sinister, especially when the Plaintiff has no right to dictate others' affairs.

No rule of law bars communications between the Defendant and putative class members either, especially because many remain Cash Depot employees. Plaintiff's counsel does not represent those class members, *Bobryk v. Durand Glass Mfg. Co.*, 2013 WL 5574504 (D.N.J. 2013), and has never sought class certification.

Moreover, Cash Depot's communications are irreproachable. It acquired no releases, settled no claims, provided no false or inaccurate information, and never coerced or discouraged participation in class litigation. (Labs Decl., ¶¶ 4-5, Exhs. 1, 2). To avoid the extravagant costs of class action litigation, Cash Depot paid the Plaintiff (and others) everything due.

Indeed, the Plaintiff's claim that *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981) obliges the Court to prevent communication is dead wrong. *Gulf Oil* held a district court abused its discretion in limiting counsel's communications with potential class members, noting such limitations implicate First Amendment rights and any order should be "carefully drawn," "based on a clear record," contain "specific findings" that identify the "potential abuses" addressed and "limit speech as little as possible." Id. at 101-2. *Gulf Oil* counsels against entering the broad order the Plaintiff seeks.

Further, the Plaintiff's position rests on the false notion that by neither identifying potential class members nor describing its payments to them, Cash Depot frustrated discovery. Yet the Plaintiff never requested payment information, and *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) holds that putative class members' identifying information falls outside the scope of discovery under Fed. R. Civ. P. 26(b)(1) and requires a court order under Fed. R. Civ. P. 23(d). The Plaintiff sought no such order and, for that matter, never undertook even a minimal effort to compel supplemental answers to the discovery he incorrectly calls delinquent.

Finally, there is an irony to the Plaintiff's allegation that the defense hides something (R. 28:3), because while the Plaintiff's counsel refuses to reveal why Cash Depot's payment was supposedly wrong, Cash Depot fully described the fact and amount of payment (its interrogatory answer covers two pages (R. 30-1:3-4)), and it voluntarily produced the professional performing the calculations to explain them. The Plaintiff nevertheless contends that the Court must accept on faith calculations his lawyer conceals – and disregard the CPA firm's – merely because the lawyer plans to disclose them eventually. The law, however, requires fact, not surmise, so for all these reasons, the motion should be denied.

Dated this 28th day of August, 2017.

                LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
                Attorneys for Defendant

        By: *s/George Burnett*
                George Burnett (State Bar #1005964)
                Jodi Arndt Labs (State Bar #1033359)

POST OFFICE ADDRESS:
231 South Adams Street
Green Bay, WI  54301
P.O. Box 23200
Green Bay, WI 54305-3200
(920) 437-0476

201615.046:2660650