TIMOTHY J. FAST,
on behalf of himself and all
others similarly situated,

        Plaintiff,

v.                                     Case No.: 16-CV-1637

CASH DEPOT, LTD.,

        Defendant.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Cash Depot, Ltd., by and through its attorneys, Law Firm of Conway, Olejniczak & Jerry, S.C., responds to Plaintiff's First Set of Interrogatories and Request for Production of Documents as follows:

### GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's First Set of Interrogatories and Request for Production of Documents to the extent they purport to impose discovery obligations greater than those set forth in the Federal Rules of Civil Procedure.

2. Defendant's objections and responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

    a. All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the responses or subject matter thereof, in any subsequent proceeding, and in the trial of this or any other action;

b. The right to object on any ground to the use of said responses or the subject matter thereof, in any subsequent proceeding, and in the trial of this or any other action; and

c. The right to object on any ground at any time to other document requests or other discovery procedures involving or relating to the subject matter of these responses.

3. Defendant objects to Plaintiff's First Set of Interrogatories and Request for Production of Documents to the extent they seek documents, information or data, which are protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privileges or immunities.

4. Defendant's investigation of and discovery in this matter is continuing. The responses contained herein are based on and, therefore, necessarily limited by, the records and information still in existence, presently recollected, and thus far discovered. Defendant reserves the right to supplement or change these responses if omissions, errors or additional documents are subsequently discovered.

## INTERROGATORIES

Interrogatory No. 1: Identify any and all individuals employed in the position of non-exempt Field Service Technician at any time during the time period of December 9, 2013 to the date of your responses. For each individual identified, identify the following information for the time period of December 9, 2013 to the present date:

  a. Name;
  b. Last known home address;
  c. Last known home telephone number;
  d. Last known cellular telephone number;
  e. Last known e-mail address;
  f. Dates of employment;
  g. The cities or territories the individual serviced;
  h. The report structure for the individual (who the individual reported to and who that individual reported to at Defendant);
  i. Each and every position the individual held at Defendant and his/her job duties and responsibilities in each position;
  j. The individual's rate of compensation while employed by Defendant and the date of any change(s) to the individual's compensation;

      k. The total hours worked by the individual at Defendant for each and every workweek; and

      l. The reasons(s) the individual is no longer employed at Defendant(s), if any.

Response to Interrogatory No. 1: Defendant incorporates its general objections, and further objects that this interrogatory is overbroad, unduly burdensome and not proportional to the needs of the case considering (1) the amount in controversy and (2) the marginal importance of the requested information in resolving the issues in this matter. Defendant further objects that the information sought in this interrogatory is irrelevant, primarily due to the fact Cash Depot has paid its field service technicians all wages owed to them, including overtime. Subject to the foregoing objections, Defendant responds as follows: Defendant, with the assistance of an outside accounting firm, Schenck SC ("Schenck"), voluntarily conducted a wage audit for the period of December 2013 through February 2017. Cash Depot performed the wage audit for all employees, not just field service technicians. In conducting the wage audit, Schenck reviewed all time cards and payroll records for the subject time period and determined what additional compensation, if any, was owed to each employee. Schenck's analysis included a review and calculation of the regular rate of pay; Schenck factored in all on-call premiums, shift premiums and/or non-discretionary bonuses in determining the regular rate of pay for purposes of overtime compensation. Schenck also reviewed and determined that all employees were properly paid overtime for all hours worked beyond forty (40) in a workweek. Schenck ultimately determined that Cash Depot owed employees (both former and current) additional wages in an amount less than $22,000; the foregoing amount included interest on any wages owed from December 2013 through April 2017. The foregoing amount also represents the potential amount that would have been in controversy if Plaintiff were to be successful in certifying this matter as a class action.

Upon completion of its voluntary wage audit, Cash Depot mailed a payroll check to each individual who was no longer employed with Cash Depot. As for individuals still employed with Cash Depot, Cash Depot added the additional wages to their payroll check and included a note explaining the reason for the additional wages. Accordingly, all field service technicians employed during the time period referenced by Plaintiff in its discovery request have been properly compensated and, therefore, the information sought by Plaintiff is irrelevant, particularly as it pertains to Cash Depot's field service technicians.

With respect to Mr. Fast's wage claim, Cash Depot (via Schenck) independently audited Mr. Fast's time cards and payroll records and determined what additional wages were due and owing to him. As part of its audit, Schenck calculated the regular rate of pay by factoring in any on-call shift premiums paid to Mr. Fast, along with any non-discretionary bonuses earned and paid out to Mr. Fast during his one-year term of employment with Cash Depot. Schenck also verified that Cash Depot properly paid Mr. Fast overtime for all hours worked in excess of forty (40) during any workweek. Schenck ultimately determined that Cash Depot owed Mr. Fast $190.38 in wages related to the additional overtime compensation that was owed for the on-call premiums and non-discretionary bonuses that were not previously factored into his regular rate of pay. Cash Depot issued a payroll check that included the foregoing amount, plus added the statutory liquidated damages in the same amount, and mailed such check to Plaintiff's counsel. Attached as **Exhibit A** are copies of Mr. Fast's payroll records. Also attached as **Exhibit B** is a copy of the spreadsheet prepared by Schenck reflecting its calculations of wages due and owing to Mr. Fast. Cash Depot has now paid Mr. Fast all wages that are due and owing to him for the hours worked during the course of his employment with Cash Depot and, therefore, Mr. Fast's

claim for unpaid compensation is moot, making Plaintiff's discovery requests irrelevant and disproportional to the amount in controversy.

Interrogatory No. 2: Identify any and all individuals who reviewed and/or approved electronic timecards submitted to Defendant for the period of December 9, 2013, to the present date, for any and all individuals identified in response to Interrogatory No. 1 propounded above. For each and every individual identified, identify the following information for the time period of December 9, 2013, to the present date:

      a. Name;
      b. Last known home address;
      c. Last known home telephone number;
      d. Last known cellular phone number;
      e. Last known e-mail address;
      f. Dates of employment;
      g. Each and every position the individual held at Defendant and his/her job duties and responsibilities in each position; and
      h. The reason(s) the individual is no longer employed at Defendant, if any.

Response to Interrogatory No. 2: See Response to Interrogatory No. 1, above. In addition, the following individuals were responsible for the review and approval of electronic timecards submitted by field service technicians: Carol Reis, Payroll and Human Resources; and Rocky Heiser, Operations Manager. Both individuals are employed with Cash Depot.

Interrogatory No. 3: Identify the process through which: Plaintiff recorded his time worked at Defendant; Defendant retrieved Plaintiff's electronic timecard; Defendant reviewed the information contained on Plaintiff's electronic timecard; Defendant entered the information contained on Plaintiff's electronic timecard into its timekeeping and/or payroll system; and Defendant ultimately compensated Plaintiff for the time contained on Plaintiff's timecards. If any part of these processes changed during the course of Plaintiff's employment at Defendant, identify what part of the process changed, the date the process changed, who directed the process change and the reason for the change to the process.

Response to Interrogatory No. 3: During the time of Plaintiff's employment with Cash Depot, Cash Depot had the following timekeeping and payroll system in effect: Field service technicians were required to punch in and punch out via their cell phone or tablet device. The

punch in and punch out times were transferred to Cash Depot's timekeeping software package, Time Star. Time Star tracked the hours for each work day and workweek and created "time cards" for each technician. Carol Reis reviewed the time sheets to ensure to determine if there are any potential issues (e.g., failure to punch in or out on a day) and balanced out the hours for the week. Once Ms. Reis determined that the hours appear to be correct, she printed off a formal time sheet for each field service technician and then provided such time sheets to the Operations Manager, Rocky Heiser. Mr. Heiser reviewed the time sheets; once he approved them, he returned them to Ms. Reis, who then uploaded the applicable data from Time Star to the Company's payroll processing software, Sage ABRA, for the payroll period in question. Time Star tracked how many hours were worked each workweek and uploaded the appropriate information as to how many hours of overtime were owed during the applicable payroll period. ABRA then calculated the wages owed, along with all deductions including taxes, insurance, etc.

Interrogatory No. 4: Identify the timekeeping and/or payroll software utilized by Defendant during the time period of December 9, 2013 to the date of your responses and the method(s) through which Defendant backed up or copied said software and/or its timekeeping and payroll records.

Response to Interrogatory No. 4: See response to Interrogatory No. 3, above.

Interrogatory No. 5: For the time period of December 9, 2013 to the date of your responses, identify how Defendant defined a "workweek" for individuals employed in the position of non-exempt Field Service Technician. If the defined workweek differed by region or any other identifying characteristic, identify each region or other identifying characteristic's corresponding workweek.

Response to Interrogatory No. 5: Cash Depot defined its workweek as Sunday through Saturday. Cash Depot had the same workweek for all employees regardless of position or region. With respect to on-call work, Cash Depot defined an "on-call" week as Monday through

Sunday during the term of Mr. Fast's employment. Accordingly, for purposes of overtime calculations, the $75 on-call premium needed to be attributed to two separate workweeks (i.e., 6/7 of premium attributed to Monday through Saturday on one workweek and 1/7 of premium attributed to Sunday of following workweek).

Interrogatory No. 6: For the time period of December 9, 2013 to December 9, 2016, identify each pay period, including the start date of each pay period and the end date of each pay period.

Response to Interrogatory No. 6: Cash Depot had two pay periods each month for the entire time period questioned by Plaintiff. Cash Depot's first pay period of the month ran from the 1st of the month through the 15th of the month and the second pay period of the month ran from the 16th of the month through the 30th or 31st (i.e., last day) of the month. Cash Depot issued payroll checks on the 20th of the month for the pay period that expired on the 15th of the month and payroll checks on the 5th of the month for the pay period that expired on the last day of the month. If a pay date fell on a Saturday, Cash Depot would issue payroll checks on the preceding Friday; if a pay date fell on a Sunday, Cash Depot would issue payroll checks on Monday.

Interrogatory No. 7: Identify any and all practices and/or policies Defendant maintained or utilized for the time period of December 9, 2013 to the date of your responses to relating to the compensation of individuals employed in the position of non-exempt Field Service Technician, including, but not limited to any practices and/or policies relating to compensation to non-exempt Field Service Technicians who performed work in excess of forty (40) hours in a workweek, and any practices and/or policies relating to compensation to non-exempt Field Service Technicians who performed "on call" work and/or work during "off duty" hours in any workweek.

Response to Interrogatory No. 7: Defendant incorporates its general objections, and further objects that this interrogatory is overbroad, unduly burdensome and not proportional to the needs of the case considering (1) the amount in controversy and (2) the marginal importance of the requested information in resolving the issues in this matter. Defendant further objects that

the information sought in this interrogatory is irrelevant. Subject to the foregoing objections, Defendant responds as follows: Cash Depot paid its field service technicians an hourly rate for all hours worked; it paid overtime at time and a half for all hours worked in excess of forty (40) in any workweek. Attached as **Exhibit C** is a copy of Cash Depot's overtime policy that applied to field service technicians during the course of Plaintiff's employment with Cash Depot.

Although not legally required to, Cash Depot also paid its field service technicians for all of their commute time to and from home, including any travel and commute time for service calls they had to conduct after regular hours (i.e., during "on call" time). In addition, Cash Depot paid field service technicians for all time spent working on behalf of Cash Depot including for any calls that they received during their "on-call" shifts.

During the time Mr. Fast was employed with Cash Depot, it paid field service technicians a $75 on-call premium for any week the field service technician was on call; such compensation was paid above and beyond the hourly rate paid for all work performed. Field Service Technicians were required to punch in and out for each call they responded to after regular hours to ensure that Cash Depot was able to compensate them properly for such work. Refer to Exhibit C.

In short, Cash Depot paid field service technicians for all hours worked and for all tasks performed, including overtime for all hours beyond forty (40) in any given workweek.

Interrogatory No. 8: Identify any and all practices and/or policies Defendant maintained or utilized for the time period of December 9, 2013 to the date of our responses to determine the "regular rate of pay" for individuals employed in the position of non-exempt Field Service Technician, who:

      a. Performed work in excess of forty (40) hours in any workweek;
      b. Performed "on call" work and/or work during "off duty" hours in any workweek;

      c. Earned non-discretionary bonuses, including, but not limited to, bonuses for being available to work "on call"; and/or
      d. Received a shift premium.

Response to Interrogatory No. 8: See response to Interrogatory No. 7, above. In addition, Cash Depot did not pay field service technicians a shift premium. Cash Depot only had one non-discretionary bonus program and that program was known as its "Road to 10 Million Bonus Program." Attached as **Exhibit D** is a copy of the Road to 10 Million Bonus Program. Cash Depot only made one payment under such bonus program during the term of Mr. Fast's employment and that payment was made to Mr. Fast in August 2016. Refer to **Exhibit A** to see $700 bonus payment paid to Mr. Fast. Furthermore, Cash Depot did not pay bonuses for being available to work "on call"; it only paid on-call premiums to such employees.

As for determining the "regular rate of pay," Cash Depot utilized a payroll software package. Cash Depot was under the impression that such payroll software package was set up to properly calculate overtime compensation on all wages paid to employees, including on-call premiums and non-discretionary bonuses.

Interrogatory No. 9: Identify the name, job title, address and telephone number of any and all individuals other than counsel of record who contributed information contained in Defendant's responses to these Interrogatories and Requests for Production of Documents and state whether each individual so identified has personal knowledge of Plaintiff's employment with Defendant.

Response to Interrogatory No. 9: The following individuals contributed information contained in these discovery responses: Lori Walters, Controller; Jody Williams, National Field Service Manager; Carol Reis, Payroll and Human Resources; and Al Jamir, Vice President; each of the foregoing individuals has personal knowledge of Plaintiff's employment with Defendant. Each individual is currently employed with Cash Depot and hence can be reached via Cash Depot's counsel.

Interrogatory No. 10: Identify the name, job title, address, and telephone number of any and all individuals other than counsel of record who contributed information contained in Defendant's Answer filed on February 10, 2017, and state whether each individual so identified has personal knowledge of Plaintiff's employment with Defendant.

Response to Interrogatory No. 10: See response to Interrogatory No. 9, above.

Interrogatory No. 11: Identify any and all states in which Defendant employed individual(s) in the position of Service Technician, or that position's equivalent, from the period of December 9, 2013 to the date of your responses.

Response to Interrogatory No. 11: Defendant incorporates its general objections, and further objects that this interrogatory is overbroad, unduly burdensome and not proportional to the needs of the case considering (1) the amount in controversy and (2) the marginal importance of the requested information in resolving the issues in this matter. Defendant further objects that the information sought in this interrogatory is irrelevant for the reasons set forth in Defendant's response to Interrogatory No. 1, above.

## REQUESTS FOR PRODUCTION

Request to Produce No. 1: Produce any and all documents identified in Defendant's Initial Disclosures, in whatever form maintained.

Response to Request to Produce No. 1: Defendant incorporates its general objections, and further objects that this interrogatory is overbroad, unduly burdensome and not proportional to the needs of the case considering (1) the amount in controversy (i.e., less than $25,000), (2) the marginal importance of the requested information in resolving the issues in this matter and (3) the burden and/or expense of the proposed request for production outweighs its likely benefit. Defendant further objects that the information sought in this interrogatory is irrelevant, primarily due to the fact Cash Depot has paid its field service technicians, including Plaintiff, all wages

owed to them, including overtime. Subject to the foregoing objections, attached are the following documents:

- Copy of Plaintiff's Personnel File (See **Exhibit E**)
- Copy of Plaintiff's time cards/payroll records (See **Exhibit A**)

Request to Produce No. 2: Produce any and all documents identified, referred to, or reviewed in any way in making your responses to the Interrogatories propounded above, in whatever form maintained.

Response to Request to Produce No. 2: Defendant incorporates its general objections and further objects that this request is overbroad, unduly burdensome and not proportional to the needs of the case considering (1) the amount in controversy (i.e., less than $25,000), (2) the marginal importance of the requested information in resolving the issues in this matter and (3) the burden and/or expense of the proposed request for production outweighs its likely benefit. Defendant further objects that the information sought in this interrogatory is irrelevant, primarily due to the fact Cash Depot has paid its field service technicians, including Plaintiff, all wages owed to them, including overtime. Subject to the foregoing objections, Defendant responds as follows: Refer to attached documents (Exhibits A – F).

Request to Produce No. 3: Produce any and all job descriptions for the position of non-exempt Field Service Technician, as well as for any other position titles that are its equivalent with respect to job duties and responsibilities.

Response to Request to Produce No. 3: Attached is a copy of the Field Service Technician job description. See **Exhibit F**.

Request to Produce No. 4: Produce any and all employment policies, procedures and/or handbooks maintained by Defendant for its non-exempt Field Service Technician applicable to the time period of December 9, 2013, to the date of your responses. If any such policies, procedures, and/or handbooks were updated or revised subsequent to December 9, 2013, provide

11

Case 1:16-cv-01637-WCG   Filed 09/01/17   Page 11 of 15   Document 35-1

both the complete policy, procedure, or handbook as was in existence as of December 9, 2013, as well as a complete copy of the policy, procedure or handbook as updated or revised.

Response to Request to Produce No. 4: Defendant incorporates its general objections and further objects that this request is overbroad, unduly burdensome and not proportional to the needs of the case considering (1) the amount in controversy (i.e., less than $25,000), (2) the marginal importance of the requested information in resolving the issues in this matter and (3) the burden and/or expense of the proposed request for production outweighs its likely benefit. Defendant further objects that the information sought in this interrogatory is irrelevant, primarily due to the fact Cash Depot has paid its field service technicians all wages owed to them, including overtime; furthermore, the request seeks policies and handbooks that are irrelevant to the issue of overtime compensation. Subject to the foregoing objections, Defendant responds as follows: Please review responses to Interrogatories No. 7 and 8, above. Also, refer to Exhibit C.

Request to Produce No. 5: Produce copies of all policies and/or procedures as they existed in 2013, 2014, 2015, 2016 and 2017 that relate to tracking or recording hours of work, and overtime, as well as any changes thereto since the filing of Plaintiff's Complaint.

Response to Request to Produce No. 5: Defendant incorporates its general objections and further objects that this request is overbroad, unduly burdensome and not proportional to the needs of the case considering (1) the amount in controversy (i.e., less than $25,000), (2) the marginal importance of the requested information in resolving the issues in this matter and (3) the burden and/or expense of the proposed request for production outweighs its likely benefit. Defendant further objects that the information sought in this interrogatory is irrelevant, primarily due to the fact Cash Depot has paid its field service technicians all wages owed to them, including overtime. Subject to and notwithstanding the foregoing objections, Defendant responds as follows: Please review responses to Interrogatories No. 7 and 8. Also, refer to Exhibit C.

Request to Produce No. 6: Produce copies of all policies and/or procedures as they existed in 2013, 2014, 2015, 2016 and 2017 that relate to "on call" work and/or work during "off duty" hours, as well as any changes thereto since the filing of Plaintiff's Complaint.

Response to Request to Produce No. 6: Defendant incorporates its general objections and further objects that this request is overbroad, unduly burdensome and not proportional to the needs of the case considering (1) the amount in controversy (i.e., less than $25,000), (2) the marginal importance of the requested information in resolving the issues in this matter and (3) the burden and/or expense of the proposed request for production outweighs its likely benefit. Defendant further objects that the information sought in this interrogatory is irrelevant, primarily due to the fact Cash Depot has paid its field service technicians all wages owed to them, including overtime. Subject to the foregoing objections, Defendant responds as follows: Please review responses to Interrogatories No. 7 and 8. Also, refer to Exhibit C.

Request to Produce No. 7: Produce copies of all policies and/or procedures as they existed in 2013, 2014, 2015, 2016 and 2017 that relate to any bonuses or additional compensation (potentially) available to non-exempt Field Service Technicians, as well as any changes thereto since the filing of Plaintiff's Complaint.

Response to Request to Produce No. 7: Defendant incorporates its general objections and further objects that this request is overbroad, unduly burdensome and not proportional to the needs of the case considering (1) the amount in controversy (i.e., less than $25,000), (2) the marginal importance of the requested information in resolving the issues in this matter and (3) the burden and/or expense of the proposed request for production outweighs its likely benefit. Defendant further objects that the information sought in this interrogatory is irrelevant, primarily due to the fact Cash Depot has paid its field service technicians all wages owed to them,

including overtime. Subject to the foregoing objections, Defendant responds as follows: Please review responses to Interrogatories No. 7 and 8. Also, refer to Exhibit D.

Request to Produce No. 8: Produce copies of all policies and/or procedures as they existed in 2013, 2014, 2015, 2016, 2017 that relate to shift premiums or differentials paid by Defendant and/or made available to Defendant to non-exempt Field Service Technicians, as well as any changes thereto since the filing of Plaintiff's Complaint.

Response to Request to Produce No. 8: Cash Depot did not offer or pay shift premiums or differentials to non-exempt Field Service Technicians.

Request to Produce No. 9: Produce any and all communications, including, but not limited to, correspondence, memoranda, and e-mail communications, by and/or between agents, employees, officers, and/or directors of Defendant regarding or related to Defendant's policies and/or practices concerning overtime, Defendant's defined workweek, on-call or off-duty work, payment of shift premiums or differentials, or tracking or recording of time worked by the individuals identified in response to Interrogatory No. 1 propounded above.

Response to Request to Produce No. 9: Defendant incorporates its general objections, and further objects that this interrogatory is overbroad and not reasonably calculated to lead to admissible evidence. Defendant further objects that the information sought in this interrogatory is irrelevant.

Dated this 21st day of June, 2017.

_____
Al Jamir
Vice President, Cash Depot, Ltd.

Subscribed and sworn before me
this 21st day of June, 2017.

_____
Notary Public, Brown County, Wisconsin
My Commission: is permanent

**AS TO OBJECTIONS**:

Dated this 21st day of June, 2017.

        LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
        Attorneys for the Defendant, Cash Depot, Ltd.

        By: *Jodi Arndt Labs*
            Jodi Arndt Labs (State Bar No. 1033359)
            R. George Burnett (State Bar No. 1005964)

**POST OFFICE ADDRESS:**
231 South Adams Street
P.O. Box 23200
Green Bay, WI 54305-3200
(920) 437-0476
jodi@lcojlaw.com
gb@lcojlaw.com