

July 6, 2017

**VIA EMAIL ONLY (GB@lcojlaw.com)**

George Burnett, Esq.
Conway, Olejniczak & Jerry, S.C.
231 S. Adams Street
Green Bay, WI 54305

      Re: <u>**Fast v. Cash Depot, Ltd.**</u>
      **Case No. 16-CV-1637**

Dear Attorney Burnett:

Please allow this letter to follow-up, in part, on our teleconference this morning, as well as Defendant's Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents. During our call, I stated my understanding, based on Defendant's discovery responses in general, that Defendant was of the opinion that Mr. Fast's claims have essentially been rendered moot as a result of the audit conducted by Schenck, S.C., and the subsequent payments that were made to Defendant's employees resulting from that audit. You confirmed, clarifying that Defendant believes the matter is moot (rather than my equivocation). In response, I indicated that I could not certify to the Court that this matter was mooted because I was not provided with information indicating who was paid, the amounts that were paid to each person, and the underlying calculation. We then moved into a discussion regarding the calculations themselves and my deep concerns therewith.

An outcome of our discussion was an agreement to stay the Court's Scheduling Order while the concerns I raised were addressed. However, and we did not discuss this on the call, even if the calculations are remedied, I will still not be in a position to certify to the Court that this matter is moot without the information for each individual. I will be sending discovery to you shortly requesting that information.

As a more immediate matter and particularly in light of my concerns with the calculations used to recently provide additional compensation to Defendant's employees, there are deficiencies with Defendant's responses, particularly with respect to Defendant's responses to Interrogatory Nos. 1 and 11, and Request to Produce Nos. 1, 4, 5, 7, and 9. Those deficiencies are outlined below.

www.walcheskeluzi.com     contact@walcheskeluzi.com

BROOKFIELD                                APPLETON

15850 W. Bluemound Road, Suite 304       4321 West College Avenue, Ste 200
Brookfield, Wisconsin 53005                   Appleton, Wisconsin 54915
Phone: (262) 780-1953                          Phone: (920) 757-2440
Fax: (262) 565-6469                              Fax: (262) 565-6469

Case 1:16-cv-01637-WCG    Filed 09/01/17    Page 1 of 4    Document 35-5

Interrogatory No. 1: This Interrogatory asked Defendant to identify the putative class – "any and all individuals employed in the position of non-exempt Field Service Technician at any time during the time period of December 9, 2013 to the date of your responses" – and to provide specific information pertaining to each identified individual.

In response, Defendant objected to this Interrogatory as "overbroad, unduly burdensome and not proportional to the needs of the case considering (1) the amount in controversy and (2) the marginal importance of the requested information in resolving the issues in this matter." Further, Defendant objected that the Interrogatory was "irrelevant, primarily due to the fact Cash Depot has paid its field service technicians all wages owed to them, including overtime." In light of those objections, Defendant did not provide any responsive information.

First, we have not yet established the amount in controversy because Defendant has not provided us any information about the putative class necessary to calculate the same. Second, information about the putative class is of central, not "marginal," importance. Third and as discussed during our call today, this information remains relevant because Defendant has not provided us any information regarding whom it may additional payments to, the amounts of those payments, or the calculations underlying those payments. Further, the information that it did provide relating solely to Mr. Fast, demonstrates that the putative class' damages were miscalculated and underpaid.

Accordingly, and because this remains an open and ongoing dispute, please provide the requested information.

Interrogatory No. 11: This Interrogatory asked Defendant to "[i]dentify any and all states in which Defendant employed individual(s) in the position of Service Technician, or that position's equivalent, from the period of December 9, 2013 to the date of your responses."

In response, Defendant objected on the same grounds stated in its response to Interrogatory No. 1, and did not provide any responsive information.

For the same reasons I stated with respect to Interrogatory No. 1, above, please provide the requested information.

Request to Produce No. 1: This Request asked Defendant to produce "any and all documents identified in Defendant's Initial Disclosures, in whatever form maintained."

In response, Defendant objected on the same grounds stated in response to Interrogatory No. 1, and provided only copies of Mr. Fast's personnel file and time cards and payroll records. Defendant did not provide any of the other documents identified in its Initial Disclosures.

For the same reasons I stated with respect to Interrogatory No. 1, above, please provide the requested information.

Request to Produce No. 4: This Request asked Defendant to produce "any and all employment policies, procedures and/or handbooks maintained by Defendant for its non-exempt Field Service Technicians applicable to the time period of December 9, 2013, to the date of your responses,"

including documentation showing any updates or revisions thereto.

In response, Defendant objected on the same grounds stated in response to Interrogatory No. 1, and further objected that this Request "seeks policies and handbooks that are irrelevant to the issue of overtime compensation." By incorporation, Defendant referred back to Exhibits C and D. Exhibit C is a one-page, manipulated document that contains three sections (presumptively, but not even necessarily, complete sections) from Defendant's "ATM Technician Policy Handbook" relating to "Lunch / Break Times," "Overtime," and "On Call Shifts." Exhibit D is a "Memo" dated "8/4/15" relating to Defendant's "Road to 10 Million Bonus Program." Defendant did not otherwise produce its policies, procedures, or handbooks, or any revisions thereto.

For the same reasons I stated with respect to Interrogatory No. 1, above, please provide the requested information. Further, and while I appreciate that Defendant may maintain policies and/or handbook provisions that may ultimately not be relevant, Defendant is not in a position to decide relevance or otherwise pick and choose what it produces based on its self-analysis of those policies and provisions.

<u>Request to Produce No. 5</u>: This Request asked Defendant to produce "any and all policies or procedures as they existed in 2013, 2014, 2015, 2016, and 2017 that relate to the tracking or recording hours of work, and overtime, as well as any changes thereto since the filing of Plaintiff's Complaint."

In response, Defendant objected on the same grounds stated in response to Interrogatory No. 1. That objection notwithstanding and by incorporation, Defendant referred back to Exhibits C and D. Again, Exhibit C is a one-page, manipulated document that contains three sections (presumptively, but not even necessarily, complete sections) from Defendant's "ATM Technician Policy Handbook" relating to "Lunch / Break Times," "Overtime," and "On Call Shifts," and Exhibit D is a "Memo" dated "8/4/15" relating to Defendant's "Road to 10 Million Bonus Program." Neither Exhibit C nor Exhibit D is responsive to this Request, and Defendant did not otherwise produce any responsive information.

For the same reasons I stated with respect to Interrogatory No. 1, above, please provide the requested information.

<u>Request to Produce No. 7</u>: This Request asked Defendant to produce "any and all policies and/or procedures as they existed in 2013, 2014, 2015, 2016, and 2017 that relate to any bonuses or additional compensation (potentially) available to non-exempt Field Service Technicians, as well as any changes thereto since the filing of Plaintiff's Complaint."

In response, Defendant objected on the same grounds stated in response to Interrogatory No. 1. That objection notwithstanding and by incorporation, Defendant again referred back to Exhibits C and D. The contents of those Exhibits have been discussed herein. While Exhibit D appears responsive, in that it relates to Defendant's "Road to 10 Million Bonus Program," it is from 2015, and no other responsive information was provided, leaving open the question of whether any other responsive information exists that should have been properly produced.

For the same reasons I stated with respect to Interrogatory No. 1, above, please provide any additional, responsive information. If none exists, please amend the response to state the same.

Request to Produce No. 9: This Request asked Defendant to produce "any and all communications, including, but not limited to, correspondence, memoranda, and e-mail communications, by and/or between agents, employees, officers, and/or directors of Defendant regarding or related to Defendant's policies and/or practices concerning overtime, Defendant's defined workweek, on-call or off-duty work, payment of shift premiums or differentials, or tracking or recording of time worked by the individuals identified in response to Interrogatory No. 1 propounded above."

In response, Defendant objected on the grounds that the Request is "overbroad and not reasonably calculated to lead to admissible evidence," and that the requested information is "irrelevant."

I again will remind Defendant that it is not in a position to decide relevance, particularly when it comes to communications that are certainly discoverable and could lead to the discovery of admissible evidence, particularly in cases brought under the Fair Labor Standards Act, where knowledge and willfulness are at issue. Accordingly, please provide the requested information.

All of the foregoing information is within the Defendant's possession and control and should have been promptly preserved upon notice of Plaintiff's Complaint. Accordingly, it should not be laborious to provide. Therefore, I ask that Defendant supplement and/or amend its discovery responses **by no later than Monday, July 17, 2017**.

Sincerely,
**WALCHESKE & LUZI, LLC**

s/ *James A. Walcheske*

James A. Walcheske
Attorney at Law
jwalcheske@walcheskeluzi.com

cc:    Mr. Timothy Fast