UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

___

TIMOTHY J. FAST,
on behalf of himself and all
others similarly situated,

        Plaintiff,

v.                                       Case No.: 16-CV-1637

CASH DEPOT, LTD.,

        Defendant.

___

## DECLARATION OF AMY BRADLEY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

I, Amy Bradley, declare as follows:

    1.    I have reviewed the methodology Mr. Fast and his legal counsel used in calculating the amount of overtime allegedly due to Mr. Fast. Specifically, I reviewed the formula and calculations set forth on page 20 of Mr. Fast's Brief in Opposition to Defendant's Motions to Dismiss on Mootness Grounds, for Summary Judgment and to Lift the Temporary Stay of Proceedings. I understand that Mr. Fast is challenging Schenck's calculations, including its formula and methodology.

    2.    The methodology set forth by Mr. Fast on page 20 of his brief is one method that an employer can use when an employer is calculating wages that are due to an employee at the time of issuing payroll checks. It is important to note that it is not the only method. For example, I was taught to initially calculate all pay for hours worked at the employee's regular rate. Using the same assumptions used by Mr. Fast, I would have calculated the pay as follows:

- To arrive at total regular pay for the workweek you take $12.00 x 46 hours = $552.00 + $46.00 (bonus) = $598.00

- Next, you divide the total regular pay by the number of hours for the week. $598.00 / 46 hours = $13.00.

- The overtime premium is calculated at half time of the regular rate of pay (as you have already paid the regular hourly rate of $12.00 for all hours worked that workweek): $13.00 x .50 = $6.50

- You then apply the overtime premium rate to all hours over 40 for the week: 46.00 hrs – 40 hrs = 6.0 hrs.
- Overtime premium would be $39.00 (6 hrs x $6.50)
- Total gross would be all hours worked at hourly rate + bonus + overtime premium:

    $552.00 + $46.00 + $39.00 = $637.00

3. As you can see, although Mr. Fast and I used a slightly different method of calculating the wages, we arrived at the same result.

4. The problem with the methodology Mr. Fast set forth on page 20 of his brief is that he misses a couple steps in his calculations. While Mr. Fast states in his brief that he is demonstrating the difference between his method and my method of calculating what is owed to Mr. Fast, he fails to mention that the two methods he sets forth on page 20 calculate different amounts. Mr. Fast's methodology demonstrates how one would calculate what total wages were due and owing to the employee for the week if they were performing the calculation properly at the time of processing payroll. The formula I used calculates what additional overtime monies would be due if the employer fails to capture the on-call premium or non-discretionary bonuses into the regular rate of pay when calculating the appropriate overtime premium. In other words, Mr. Fast is not comparing apples to apples.

5. Mr. Fast's example on page 20 of his brief skips a couple steps, steps that I already captured in my formula. Mr. Fast failed to take into account that we are only dealing with a wage claim for overtime compensation that Cash Depot did not pay on the on-call premium and non-discretionary bonuses Mr. Fast earned while employed with Cash Depot. In the matter at hand, Cash Depot paid Mr. Fast $15.00/hour for all of the hours he worked during each workweek, as well as an extra $7.50/hour as overtime for all hours worked over 40 hours during any given workweek. In other words, Mr. Fast was paid $22.50/hour for those hours worked beyond 40 in a workweek. Cash Depot also paid Mr. Fast a $75.00 on-call premium for each week he was on call. As explained in my initial Declaration, Cash Depot defined the on-call week differently from the workweek, which is why I had to divide the $75.00 between two separate workweeks.

As for the steps missed by Mr. Fast, he does not show the calculation for what Cash Depot already paid Mr. Fast when he is attempting to distinguish his method from the method Schenck used. Mr. Fast also does not show the step of comparing what should have been paid versus what was paid so as to arrive at the amount still owed to Mr. Fast, which is what my formula does.

6. Had Mr. Fast performed a calculation to show how much the employer would have paid if they would have calculated overtime in the same manner Cash Depot calculated overtime on Mr. Fast's on-call premium and non-discretionary bonuses, he would have arrived at the same amount as the Schenck methodology.

2

7. Specifically, Mr. Fast forgot the following steps:

Calculation of Wages Already Paid
$12.00 x 46 hours = $552.00
$12.00 x .50 = $6.00 overtime premium rate
$6.00 x 6 hours of overtime = $36.00

$552.00 + $36 overtime + $46 bonus = $634

Final Step: $637.00 (wages owed) - $634.00 (wages paid) = $3.00 additional wages due

8. My formula is as follows:

- On-call pay / hours worked for the week = regular rate of pay
- Regular rate of pay X .50 (half time) = overtime premium rate
- Overtime premium rate X number of overtime hours = additional amount due

In applying my formula to the assumptions provided by Mr. Fast, I arrive at the same amount for additional wages owed as Mr. Fast would if he had not skipped the step referred to above:

$46.00 bonus / 46 hours = $1.00 additional hourly rate
$1.00 / 2 (or multiplied by .50) = $0.50 additional overtime premium owed
$0.50 x 6 overtime hours = $3.00 additional wages owed

9. My formula factors in that Cash Depot already paid Mr. Fast overtime on the hours he worked beyond 40 during the workweek; they paid an overtime premium of $7.50 per hour. Therefore, when conducting the audit, we only needed to determine how much additional overtime would have been due had Cash Depot factored in the on-call premium and/or non-discretionary bonuses into his regular rate of pay for the particular workweek. This formula is essentially the same methodology laid out by Mr. Fast but only looking at the on-call pay (or non-discretionary bonus) paid by Cash Depot during the workweek and the number of overtime hours worked that particular workweek as those are the only wages he did not receive overtime pay on.

10. Admittedly, we could have gone through the process of performing each set of calculations set forth in paragraphs 2 and 7, above, and arrived at the same results we ended up with. However, there was a shorter and more efficient way to perform the calculations. It is not necessary to run through the lengthier calculations other than to use them to verify the accuracy of the results we achieved with the abbreviated formula.

3

11. In order to further demonstrate that Schenck's methodology is consistent with what Mr. Fast asserts as the proper methodology, I looked at the workweek of 08/23/15 to 08/29/15 and performed calculations using both methodologies. During the workweek of 08/23/15 to 08/29/15, Mr. Fast worked 45.23 hours at $15.00/hour and received on-call pay of $64.29 for Monday through Saturday of that workweek. Using Mr. Fast's methodology, the calculations are as follows:

>$15.00 x 45.23 hours = $678.45
>$678.45 + $64.29 on-call premium = $742.74
>$742.74 / 45.23 hours = $16.4214 regular rate
>$16.4214 x 1.5 = $24.6321 overtime rate
>($16.4213 x 40) + ($24.6321 x 5.23) = $785.68 total wages owed
>
><u>Versus what Cash Depot paid</u>:
>$15.00 x 45.23 hours = $678.45
>$15.00 x .50 = $7.50
>$7.50 x 5.23 hours = $39.23
>
>$678.45 + $39.23 + $64.29 = $781.97
>
>Difference: $785.68 - $781.97 = **$3.71 in additional wages owed**
>
><u>Schenck's Method</u>:
>$64.29 on-call premium / 45.23 hours = $1.4214
>$1.4214 / 2 = $0.7107
>$0.7107 x 5.23 overtime hours = **$3.72 in additional wages owed**

Based on the foregoing, both methodologies arrived at essentially the same amount. My calculation resulted in an extra penny being owed and that is due to the fact that I rounded to the fourth place after the decimal; such rounding is to the benefit of the employee.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of September, 2017 at Appleton, Wisconsin.

s/Amy Bradley<br>
Amy Bradley