UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

TIMOTHY J. FAST,
on behalf of himself and
all others similarly situated,

        Plaintiff,

v.                               Case No. 16-CV-1347

CASH DEPOT LTD.,

        Defendant.

## PLAINTIFF'S ANSWERS TO DEFENDANT'S [SECOND SET] OF INTERROGATORIES AND REQUEST TO PRODUCE DOCUMENTS

### GENERAL RESERVATIONS AND OBJECTIONS

1. These responses are made on the basis of information presently available and located by Plaintiff, and Plaintiff reserves the right to modify his responses and/or objections with such additional information as subsequently may be discovered.

2. The responses and objections herein are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility and to any and all other objections on the grounds which would require the exclusion from evidence of any statement herein, if any interrogatory were asked of, or any statement contained herein were made by a witness present and testifying in court, all of such objections and grounds are expressly reserved so that these may be made at trial.

3. Plaintiff objects to each of the interrogatories to the extent that they seek information regarding communications between Plaintiff and his legal counsel on the ground that such communications are privileged and not subject to discovery. No response is intended to waive

**EXHIBIT 1**

such privilege, including the inadvertent disclosure of any privileged information which resulted from Plaintiff's good faith effort to thoroughly respond to these interrogatories in the required period of time. Accordingly, Plaintiff reserves the right to recall any privileged information that was inadvertently disclosed in responding to these Discovery Requests.

## INTERROGATORIES

**INTERROGATORY NO. 1:** With regard to the costs incurred or expended to date on your behalf for the above-referenced litigation, provide a description of each item of costs, the amount of such cost, indicate whether the cost has been paid, the amount of the payment, and the person or entity making the payment. Attached to your answer any document corroborating any aspect of your answer.

**ANSWER:** Plaintiff objects to this Interrogatory as overbroad and requesting information and/or documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving said objection, as of July 12, 2017, Plaintiff has incurred approximately $402.35 ($400 for the filing fee paid to the Eastern District of Wisconsin and $2.35 in postage) in costs related to the above-referenced litigation. Because litigation of this matter is ongoing, Plaintiff reserves the right to amend this response to reflect additional costs, as incurred. Further, by answering this Interrogatory, Plaintiff has not and does not agree to accept reimbursement for costs in the amounts stated herein as a form of settlement of his claims against Defendant.

**INTERROGATORY NO. 2:** With regard to the attorney's fees incurred or expended to date in this litigation, (A) describe the total amount of the fees incurred, the nature of each legal service and/or activity for which any charged was made for legal services, the amount of time spent on each such legal service and/or activity, the amount of the charged for such legal service

and/or activity, and state whether payment has been made, and if so, by whom an when; (B) if the legal charges were based on increments of time, such as an hourly charge describe for each person providing legal service and/or activity, the amount of the charge, indicate the capacity (i.e. attorney, paralegal, administration staff, etc.) of the person performing such legal service and/or activity, describe the qualifications of such person to perform those tasks. Indicate the nature of the fee agreement between you and your attorneys: this means whether the fee agreement is hourly, a flat fee, or contingent based on recovery or any other arrangement.

Attach to your answer, any document corroborating any aspect of your answer.

**ANSWER:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and requesting information and/or documents protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving said objection, as of July 12, 2017, Plaintiff has incurred approximately $12,931.00 in attorneys' fees related to the above-referenced litigation. Because litigation of this matter is ongoing, Plaintiff reserves the right to amend this response to reflect the additional attorneys' fees he continues to incur. Further, by answering this Interrogatory, Plaintiff has not and does not agree to accept reimbursement for his attorneys' fees in the amount stated herein as a form of settlement of his claims against Defendant.

As to objections only,

Dated this 13th day of July, 2017.

        WALCHESKE & LUZI, LLC
        Attorneys for Plaintiff


By: s/ *Kelly L. Temeyer*
   James A. Walcheske, State Bar No. 1065635
   Scott S. Luzi, State Bar No. 1067405
   Kelly L. Temeyer, State Bar No. 1066294

15850 W. Bluemound Rd., Suite 304
Brookfield, WI 53005
Phone: 262-780-1953
Fax: 262-565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
ktemeyer@walcheskeluzi.com

4