UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TIMOTHY J. FAST,
on behalf of himself and all
others similarly situated,   Case No.: 16-CV-1637

        Plaintiff,

v.

CASH DEPOT, LTD.,

        Defendant.

**BRIEF IN SUPPORT OF MOTION TO DISMISS,
OR ALTERNATIVELY, SUMMARY JUDGMENT**

## INTRODUCTION

This case presents in a state of limbo. The Plaintiff has obtained no judgment and is not entitled to one but seeks attorney's fees; the Defendant opposes that award but possesses no order of dismissal. This motion rectifies that dilemma. Utilizing the Court's fast track procedure, Cash Depot moves, alternatively, for dismissal, based on Federal Rule of Civil Procedure 12(b)(1) because the case is now fully moot, or, for summary judgment because its full payment of all the Plaintiff's damages sought constitutes an absolute defense. The Plaintiff's claim for additional attorney's fees does not make a case that is otherwise moot, not moot.

## BACKGROUND

The Court knows the procedural background to this case well. Fast, for himself, and others similarly situated, sued Cash Depot, his former employer, for its purported violations of the Fair Labor Standards Act ("FLSA"). Besides making allegations in a complaint for class status, Fast took no further action to transform his individual claim into a collective action under

the FLSA. Instead, within a few months of the case's filing, and after the parties exchanged preliminary discovery, Cash Depot's accountants determined that its exposure, even if Fast's claims were entirely true, was minimal in comparison to the extravagant legal fees and expert expenses that would be incurred in defending the claim. (ECF No. 20, ¶20; ECF No. 21, Exs. 3-4). Consequently Cash Depot paid all members of the putative collective everything they were theoretically entitled to if all Fast's allegations were accurate, even though they were not. (ECF No. 20, ¶24; ECF No. 23, ¶¶12-13). It paid Fast the full amount of his claimed damages, $380. (ECF No. 20, ¶20; ECF No. 21, ¶¶4-5; ECF No. 23, ¶14). Cash Depot made these payments by direct deposit to current employees, by check to past employees, and to Fast through his attorney. (ECF No. 21, ¶5; ECF No. 23, ¶¶12-14). Cash Depot also paid non-exempt employees who were not members of the putative collective as well (i.e., non-service technicians). (ECF No. 20, ¶24; ECF No. 23, ¶¶11-12). In other words, Cash Depot made payment to everyone possible under the FLSA in the hope that that would resolve the issue and result in the lawsuit's dismissal. Those payments approximated $22,000, a fraction of what Cash Depot would have had to pay to defend the action.

Recognizing that Fast needed to satisfy himself that Cash Depot's calculations were accurate, Cash Depot offered an in-person interview, at its expense, with the Schenck accountants responsible for the calculations. (ECF No. 20, ¶22; ECF No. 21, ¶¶9, 11). But Fast was not interested in resolution. Fast's counsel rejected that proposal, preferring instead to meet via telephone and in 10-15 minutes presented cursory questions, informed that the accountants had erroneously calculated the amounts due, and declined to reveal why that was supposedly the case. (ECF No. 20, ¶23; ECF No. 21, ¶¶11, 13-14). Eventually, in briefing, he confided that he kept his own calculations secret because he was afraid that Cash Depot would simply issue

further payment to class members (ECF No. 34, p. 9, FN5) and thus eliminate any prospect for continued litigation. In recent briefing, the Plaintiff portrayed himself as a peacemaker, noting that on July 25, 2017 he offered to share his method of calculation in order to resolve the matter as expeditiously as possible. (ECF No. 53, p. 9). That comment is only half-true; the Plaintiff fails to note that the offer came with conditions, conditions he never mentions. (ECF No. 21, ¶15, Ex. 11). He demanded class certification by stipulation, preliminary approval of a settlement agreement by the Court, distribution of class notices, and final approval from the Court, together with a settlement agreement, all before he would reveal his calculations. (Id.) In addition, despite having recently stipulated to stay discovery, he reneged, demanding information that he sought in the recently stayed discovery within two weeks. (Id.) Not surprisingly, having just paid everyone involved, Cash Depot did not stipulate to class certification, a settlement, notice, distributions and the like or accept the Plaintiff's unilateral repudiation of his prior agreement to stay discovery, simply because a lawyer said he disagreed with a professional accountant's calculations. Instead, Cash Depot sought to lift the stay for the limited purpose of moving to dismiss the case given its full payment.

The Plaintiff resisted the motion. He told the Court he in fact had not been fully paid, but once again refused to divulge the calculations to prove that point. Indeed, the Plaintiff has never revealed those calculations. He also told the Court that he was entitled to further relief and that payment to him was a coerced settlement and unenforceable. Without repeating arguments advanced below, Cash Depot reassured all that it coerced no settlement, and that the Plaintiff was free to seek and receive any further legal relief he was entitled to, but, by Cash Depot's calculation, he had been fully paid, and no forthcoming relief existed. The Court denied the motion to dismiss, urged Cash Depot to reveal payments for individual employees for the

3

Plaintiff to verify, and noted that the case should resolve shortly if Cash Depot's contentions were correct. Cash Depot complied with the Court's suggestion, even though it had considerable reservation about revealing wage information to the Plaintiff, who had no legally sanctioned status to receive it. The Plaintiff had never moved for class certification and Wisconsin's privacy statute made revelation of this information concerning. See Wis. Stat. §995.50. Consequently, Cash Depot revealed the wage information, but redacted employee names. (ECF No. 46, ¶22).

After all this, and many months passing, Plaintiff's counsel called the undersigned, announced that in his view the Plaintiff had been correctly and fully paid after all, and that Cash Depot could end the litigation if it only paid the Plaintiff about $50,000 in attorney's fees. (*Id.*, ¶25). The Plaintiff acknowledges that I expressed "reluctance" because I did not expect Cash Depot would agree to pay the Plaintiff's counsel $50,000 in fees that were largely expended in refuting points he now concedes and in incorrectly calculating the supposed loss. (*Id.*). In fact, the Plaintiff's counsel had previously received (and rejected) Cash Depot's proffered payment of approximately $13,000 in attorney's fees, which it submitted based upon discovery that the Plaintiff provided. Although Cash Depot had reservations about the amount of time and money the Plaintiff had invested in advancing the claim, which had seen virtually no discovery or other litigation activity, Cash Depot concluded that was the price of peace. (ECF No. 21, ¶¶17-18).

Now the Plaintiff seeks this Court's imposition of four times those same attorney's fees. But the Plaintiff must first obtain a judgment under the FLSA, and he cannot do so. As quoted in other briefing, § 29 U.S.C. 216(b) requires that a reasonable attorney's fees and costs of the action be paid, but only after any judgment is first awarded to the Plaintiff. In other words, the plain language of the statute which the Plaintiff sued under requires the entry of a judgment first

and only then confers an award of attorney's fees. *Dionne v. Floor Masters Enterprises Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012) confirms this plain reading of the statute.

The Plaintiff cites nothing which contradicts this. But instead, contends that he is a "prevailing party", all the while reading that key term in a way that the Supreme Court explicitly rejected in *Buckhannon Board and Care Home Inc., West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001). The Court there taught that the term "prevailing party" was a term of art, and meant that legal fees could be awarded only after a change in the legal relationship between the parties. Case law since then has indicated that that change in legal relationship means the entry of a judgment, a consent order, or a stipulation which requires the Court to superintend enforcement of the settlement.[1] None of that has occurred here. Thus, the Plaintiff's position is that the Court should ignore the express language of the statute the Plaintiff sued under, disregard the Supreme Court's interpretation of the words "prevailing party", which the Plaintiff invokes as the source of his legal fee award (even though it appears nowhere in 29 U.S.C. 216(b)) and conclude that he is entitled to an attorney's fee award because he has catalyzed a recovery, even though the Supreme Court has rejected that very theory as inconsistent with the term "prevailing party". Suffice it to say the Court should ignore neither the express language of the statute nor Supreme Court precedent.

---

[1] *Wolff v. Royal American Management Inc.,* 545 Fed. Appx. 791, 793 (11th Cir. 2013), [citations omitted] a case the Plaintiff cited to refute *Dionne* confirms as much: "The Supreme Court, considering the fee-shifting provisions in [n]umerous federal statutes [that] allow courts to award attorney's fees and costs to the 'prevailing party,' has recognized that a plaintiff is a prevailing party only when she obtains either (1) a judgment on the merits, or (2) a settlement agreement enforced through a consent decree. The *Buckhannon* Court reasoned that a prevailing party needs a judgment or consent decree to prove that there has been an alteration in the legal relationship of the parties. Thus, in the absence of a judgment on the merits, to be a prevailing party, the FLSA plaintiff needs a stipulated or consent judgment or its 'functional equivalent' from the district court evincing the court's determination that the settlement is a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions." [Changes original.]

### A. The Case is Now Moot.

This all leads to the current motion. The question of mootness and an adjudication on the merits sometimes present blurred lines of division. *Chicago Joe's Tea Room LLC v. Village of Broadview,* __F.3d __, 2018 WL 3188308 *4 (7th Cir. June 29, 2018). Whether the case should be dismissed because Cash Depot's full payment to Fast renders it moot so the Court lacks jurisdiction, or the case should be dismissed on summary judgment because payment in full means the Plaintiff can recover nothing further and an element of his claim is missing seems academic, but nonetheless important to the question of subject matter jurisdiction. (Id.). Case law is quite clear that the Court should address questions of subject matter jurisdiction first, because without power to adjudicate, the Court cannot reach matters appropriate for dismissal on summary judgment. Id.

Here, the Plaintiff concedes he has been fully paid. He addressed that subject in original briefing on his motion for attorney's fees, noting that "on February 2, 2018 and having had an opportunity to review each other's additional information, the parties conferred once again. Therein, Plaintiff's counsel stated his belief, based on his review of Defendant's documents, that the Defendant had paid all wages owed to its employees resulting from its FLSA violations. Plaintiff's counsel further indicated that the only outstanding issue was reimbursement of attorney's fees and costs… ." (ECF No. 45, p. 3). The Plaintiff reconfirmed that a few pages later in briefing noting: "Plaintiff agrees that Defendant did compensate its current him and former employees with said amount as remuneration for wages owed pursuant to the FLSA." (*Id.* at p. 7).

Cash Depot's payment of everything the Plaintiff was entitled to makes the matter non-justiciable and moot. Article III of the Constitution requires that an actual case or controversy

exist, not only at the date the action is initiated but at every stage of the case, through the trial and appellate proceedings. The Supreme Court noted in *United States Parole Commission v. Garrity*, 445 U.S. 388, 397 (1988) the requisite personal interest that must exist at the beginning of the litigation (standing) must continue throughout its existence (mootness). Article III limits judicial power to disputes actually capable of judicial resolution, and if the Plaintiff has received everything the law entitles him to, there is nothing left to resolve. Id.

The Plaintiff may contend that subject matter jurisdiction continues to exist because a dispute over attorney's fees continues to exist. The Supreme Court has repeatedly ruled that an interest in attorney's fees is insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim. *Steel Co. v. Citizens For a Better Environment*, 523 U.S. 83, 108 (1998). And that dispute over attorney's fees is illusory because, as *Dionne* observes, neither 29 U.S.C. § 216(b) permits such an award nor does the Plaintiff deserve one as a "prevailing party". Although the Plaintiff contended that *Buckhannon* has no application in FLSA cases, the 11th Circuit disagrees. As explained in prior briefing, *Dionne* listed two reasons to deny fees: the first, that 29 U.S.C. 216 does not allow them without a judgment, and the second, that by catalyzing a voluntary payment, the Plaintiff is not a prevailing party, because, as *Buckhannon* observes, the term "prevailing party" is a term of art and requires a judgment, consent decree or stipulation enlisting the courts continued superintending of the controversy. The Plaintiff's notion that *Buckhannon* applies only to discretionary fee awards finds no support in the Supreme Court decision, 7th circuit jurisprudence or anywhere else.

Thus any debate over justiciability no longer exists with the Plaintiff's acknowledgment that Cash Depot fully paid all employees. So, if mootness requires that the Plaintiff have an

7

actual stake in the outcome, and the Plaintiff concedes he has none, the case must be dismissed, for the court lacks power to adjudicate it.

**B. The Plaintiff Lacks Damages.**

Alternatively, payment is a recognized defense, Fed. R. Civ. P. 8(c), and in order to prevail on a claim under the Fair Labor Standards Act, the Plaintiff must not only show liability, he also must demonstrate damages. *Myers v. Copper Cellar Corp.,* 192 F.3d 546, 551-2 (6th Cir. 1999). With the concession that the Plaintiff has no damages, summary judgment is equally appropriate, for the Plaintiff can show no genuine issue over material facts giving rise to a key element of this claim. The Plaintiff can attempt to prove all the liability in the world under the FLSA, but without damages, he is entitled to no judicial relief.

For these reasons, the Court should grant the motion to dismiss, for it now lacks subject matter jurisdiction. Alternatively, the Court should grant the motion for summary judgment.

Dated this 25th day of July, 2018.

> LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
> Attorneys for Defendant, Cash Depot, Ltd.
>
> By: *s/George Burnett*
>     George Burnett

**POST OFFICE ADDRESS:**
231 S. Adams Street
P.O. Box 23200
Green Bay, WI 54305-3200
Phone: (920) 437-0476
Fax (920) 437-2868
State Bar No. 1005964
201615.046:#2898838