UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

TIMOTHY J. FAST
on behalf of himself and all
others similarly situated,

        Plaintiff,

v.                          Case No. 16-CV-1637

CASH DEPOT, LTD.,

        Defendant.

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR DISMISSAL, OR ALTERNATIVELY, SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT**

**INTRODUCTION**

On August 4, 2017, Defendant filed Motions to Lift the Temporary Stay of Proceedings, (ECF No. 16), to Dismiss on Mootness Grounds, (ECF No. 17), and for Summary Judgment, (ECF No. 22), against Plaintiff. On November 6, 2017, this Court entered its Decision and Order on said motions, (ECF No. 43), granting-in-part and denying-in-part Defendant's Motion for Summary Judgment, and denying Defendant's Motion to Dismiss on Mootness Grounds. (Decision and Order, ECF No. 43, p. 14.) This Court's Decision and Order stated, in part:

> Cash Depot contends that once it recognized its mistake, it recalculated the overtime pay for all of its current and past employees for the three-year period prior to the filing of Fast's action, both exempt and non-exempt, and has paid them the difference in order to make them whole as well. If that is true, then it would appear that Cash Depot has a strong argument that any motion by Fast to conditionally certify a class should be denied. But because discovery has been stayed, Fast is not in a position to dispute Cash Depot's evidence on this issue. Once the stay is lifted,

> both parties should be able to quickly assess their respective positions and determine where, if at all, any dispute still exists.
>
> If, as Cash Depot contends, it has cured its prior FLSA violations by paying what it owed its current and former employees, this case should promptly resolve with little additional expense to either party.

(*Id.* at p. 13.)

As explained in Plaintiff's Motion for Attorneys' Fees and Costs, (ECF No. 44), the parties did as this Court asked: they exchanged information and, ultimately, Plaintiff determined that all payments were made as alleged. (*See* Plaintiff's Brief in Support of His Motion for Attorneys' Fees and Costs ("Pl. Br."), ECF No. 45, pp. 3, 13; *see also* Declaration of James A. Walcheske ("Walcheske Decl."), ECF No. 46, ¶¶ 22, 25; Plaintiff's Reply Brief in Support of His Motion for Attorneys' Fees and Costs ("Pl. Reply Br."), ECF No. 53, p. 9.) As a result, the only outstanding issue was reimbursement of Plaintiff's reasonable attorneys' fees and costs. (*See* Walcheske Decl., ECF No. 46, ¶ 25.)

When Defendant indicated through silence that it was unwilling to reimburse Plaintiff's reasonable attorneys' fees and costs, Plaintiff filed Plaintiff's Motion for Attorneys' Fees and Costs, (ECF No. 44). (Pl. Br., ECF No. 45, pp. 3-4; *see also* Pl. Reply Br., ECF No. 53, p. 9 n.5; Walcheske Decl., ECF No. 46, ¶¶ 25-26.) Notably, the Proposed Order Plaintiff filed therewith calls for judgment to be entered in the amount of Plaintiff's reasonable fees and costs, allowing dismissal of this matter:

> 5. There being no further dispute existing between the parties in light of the Court's Order, the Court will administratively close this case, pending the Court's receipt of a Stipulation of Dismissal once Defendant has complied herewith, at which time the Court will dismiss this matter with prejudice.

(Proposed Order, ECF No. 44-1.) That Motion has been fully brief by the parties. (*See* ECF Nos. 45, 51, 53.)

Despite Plaintiff having now made three attempts to end this case,[1] Plaintiff finds himself responding to yet another motion filed by Defendant, this time in the form of Defendant's Motion for Dismissal, or Alternatively, Summary Judgment in Favor of the Defendant, (ECF No. 54) (hereinafter, Defendant's "Present Motion").

As explained herein, this Court should deny Defendant's Present Motion because it does not present any new facts or authority in support of its requested relief and is nothing more than a thinly veiled attempt to again respond to Plaintiff's Motion for Attorneys' Fees and Costs. Further, this Court should grant Plaintiff's Motion for Attorneys' Fees and Costs and order the relief requested in Plaintiff's Proposed Order as filed therewith, (ECF No. 44-1), which will serve the dual purpose of awarding the fees and costs to which Plaintiff is entitled as a result of being a "prevailing party" under the Fair Labor Standards Act ("FLSA") and providing Defendant the closure it desires.

## ARGUMENT

In Plaintiff's filings in support of Plaintiff's Motion for Attorneys' Fees and Costs, Plaintiff demonstrated that he was a "prevailing party" under the FLSA because his "lawsuit was casually linked to the relief obtained" for himself and the putative class on whose behalf he brought his case, and "the defendant was not acting gratuitously…because the suit was frivolous or groundless." (Pl. Reply. Br., p. 2, *citing Connolly v. Nat'l Sch. Bus Serv., Inc.*, 177 F.3d 593, 595

---

[1] First and on July 25, 2017, Plaintiff's counsel offered to share his method of calculating the "regular rate" and "to resolve this matter as expeditiously as possible" with Defendant. (ECF No. 35-8, p. 2.) Second and on February 2, 2018, Plaintiff's counsel told Defendant that the only issue outstanding between the parties was his attorneys' fees and costs and that, assuming Defendant reimbursed Plaintiff for the same, the case "would be done" or words to that effect. (Walcheske Decl., ECF No. 46, ¶ 25.) Third and on June 20, 2018, Plaintiff filed Plaintiff's Motion for Attorneys' Fees and Costs, the Proposed Order for which calls for dismissal of this case with prejudice once Defendant complied with the Court's Order. (Proposed Order, ECF No. 44-1.)

3

(7th Cir. 1999) and *Dominguez v. Quigley's Irish Pub, Inc.*, 897 F. Supp. 2d 674, 681 (N.D. Ill. 2012), respectively.) As a prevailing party, Plaintiff is entitled to reimbursement of his attorneys' fees and costs. (*See Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 952 (E.D. Wis. 2003), *aff'd*, 93 F. App'x 81 (7th Cir. 2004) (stating, "Title 29 U.S.C. § 216(b) entitles a prevailing party in a FLSA action to reasonable attorneys' fees and costs."). Subsequent to Defendant's providing the same, this matter can finally come to an end. (*See* Proposed Order, ECF No. 44-1.)

Apparently not satisfied with one response to Plaintiff's Motion for Attorneys' Fees and Costs, Defendant's Present Motion and supporting brief (ECF Nos. 54 and 55), primarily continue its oppositional arguments, rather than providing this Court with any substantive facts or authority supporting mootness or summary judgment in its favor.[2] In so doing, Defendant is needlessly continuing the litigation in this matter. (*See,* Def. Br., ECF No. 55, pp. 2-5.)

Defendant's sole argument in support of its Present Motion is that this "case should be dismissed because Cash Depot's full payment to Fast renders it moot so the Court lacks jurisdiction, or the case should be dismissed on summary judgment because payment in full means the Plaintiff can recover nothing further and an element of his claim is missing." (*Id.* at 6.) Defendant's argument is questionable at best given the parties' recent briefing of Plaintiff's Motion for Attorneys' Fees and Costs, wherein Plaintiff requests relief in the form of his reasonable

---

[2] Indeed, the "Background" section of Defendant's Brief treads old waters and is littered with misstatements of fact intended to paint Plaintiff and Plaintiff's counsel in a negative light. (*See* Defendant's Brief in Support of Motion to Dismiss, or Alternatively, Summary Judgment ("Def. Br.", ECF No. 55, pp. 2-5.) For example, Defendant represents to the Court that Plaintiff's counsel requested "about $50,000 in attorney's fees" from Defendant, (*id.* at p. 4), while documents showing the figure was $39,920.00 were previously filed with the Court. (*See, e.g.,* Exhibit A to Walcheske Decl., ECF No. 46-1). Defendant also alleged that, in connection with Plaintiff's counsel's July 25, 2017 letter wherein he offered to share his calculations of the "regular rate," "Plaintiff fails to note that the offer came with conditions, conditions he never mentions. He demanded class certification by stipulation, preliminary approval from the Court, together with a settlement agreement, all before he would reveal his calculations." (Def. Br., ECF No. 55, p. 3.) Plaintiff openly discussed his "conditions" in his filing to the Court on September 1, 2017, (ECF No. 34, p. 9), and filed the July 25, 2017 letter with the Court, (ECF No. 35-8), which demonstrably does not state what Defendant alleges. (*Id.*)

4

attorney's fees and costs – and a judgment reflecting same – allowing dismissal of this matter. Thus, this is case is not moot until Plaintiff's Motion for Attorneys' Fees and Costs has been decided.

Further, Defendant's cited authority undercuts its own arguments.[3] Specifically, Defendant's Brief cites *Dionne v. Floor Master Enterprises, Inc.* and *Buckhannon Bd. and Care Home Inc. v. West Virginia Dept. of Health and Human Resources*, two cases Defendant similarly cited in its Brief in Opposition to Motion for Attorneys' Fees and Costs, (ECF No. 51, pp. 2-3). (*See* Def. Br., ECF No. 55, p. 7.) Like it did then, Defendant again here misstates the holding of these cases, indicating that they somehow support mootness of Plaintiff's case. (*See id.*) However, and as highlighted to the Court in Plaintiff's Reply Brief in Support of His Motion for Attorney' Fees and Costs, *Buckhannon* concerned the defunct "catalyst rule" that is inapplicable to cases brought pursuant to the FLSA, (*see* Pl. Reply Br., ECF No. 53, pp. 3-4), and the Eleventh Circuit in *Dionne* explicitly stated that its holding:

> [S]hould not be construed as authorizing the denial of attorney's fees, requested by an employee, solely because an employer tendered the full amount of back pay owing to an employee, prior to the time a jury has returned its verdict, or the trial court has entered judgment on the merits of the claim.

(*Id.* at p. 5, *citing Dionne*, 667 F.3d 1199, 1206 (11th Cir. 2012).)

---

[3] In addition to the cases discussed *infra*, Defendant's Brief also cites *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 108 (1998), for the proposition that "the Supreme Court has repeatedly ruled that an interest in attorney's fees is insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." (Def. Br., ECF No. 55, p. 7.) However, *Steel Co.* has absolutely nothing to do with this case whatsoever.

*Steel Co.* was an appeal from a Fed. R. Civ. P. 12(b)(6) motion to dismiss in which the United States Supreme Court conducted an in-depth analysis of the three requirements for standing under Article III. *Steel Co.*, 523 U.S. at 103-106. In reviewing the complaint at issue, the Court determined that it lacked "redressability," in that it did not present "a likelihood that the requested relief will redress the alleged injury." *Id.* at 103, 105. Specifically, the Court found that "[n]one of the specific items of relief sought, and none that we can envision as 'appropriate' under the general request, would serve to reimburse respondent for losses caused by the late reporting, or to eliminate any effects of that late reporting upon respondent." *Id.* at 105-106. Quite plainly, Defendant's Present Motion has no relation to Plaintiff's Complaint or his standing before this Court. Accordingly, Defendant's cherry-picked language from *Steel Co.* has no bearing on this case.

5

Defendant's Brief further cites *Wolff v. Royal Am. Mgmt, Inc.*, 545 F. App'x. 791 (11th Cir. 2013), which directly rebuts Defendant's own mootness argument. In that case, the employer, Royal American Management, Inc. ("RAM"), tendered the plaintiff, Wolff, a check for $3,600.00, which represented Wolff's full claimed relief, including liquidated damages. *Wolff*, 545 F. App'x at 792. Wolff accepted the check and "the parties moved the court to determine whether the payment and release rendered the action moot, stripping Wolff of attorneys' fees on the ground that there was no judgment in the case to indicate that Wolff was the prevailing party." *Id.* The district court found that the payment "had not mooted the lawsuit, and later awarded Wolff's counsel $61,810.44 in fees and costs." *Id.* at 792-93.

On appeal and much like Defendant in this case, RAM argued that Wolff's "FLSA claims were rendered moot when RAM tendered to Wolff's counsel the amount of Wolff's claimed damages, or, in the alternative, when Wolff voluntarily accepted and cashed RAM's check as full and complete settlement of the FLSA action." *Id.* at 792. In upholding the district court's decision that Wolff's FLSA claim was not mooted by RAM's act of providing "complete satisfaction of any monies owed to Wolff from Royal American," the *Wolff* court noted that RAM's offer "did not include an offer of judgment in Wolff's favor and against RAM," and that, as a result, RAM's payment "did not moot her FLSA claim, and she was entitled to seek attorneys' fees and costs from RAM." *Id.* at 794-795.

Here and as supported by Defendant's own authority, Plaintiff's case is not moot because he has not yet obtained his reasonable attorneys' fees and costs expended in litigating this matter. Notably, this is the very relief requested in Plaintiff's Motion for Attorneys' Fees and Costs as previously filed with this Court. Accordingly, Plaintiff's Motion for Attorneys' Fees and Costs is

6

the appropriate vehicle for bringing this matter to the conclusion Defendant's Present Motion portends to seek.

## **CONCLUSION**

For all of the foregoing reasons, this Court should deny Defendant's Motion to Dismiss, or Alternatively, Summary Judgment, and grant Plaintiff's Motion for Attorneys' Fees and Costs.

Dated this 10th day of August, 2018.

      WALCHESKE & LUZI, LLC
      Counsel for Plaintiff

      s/ *James A. Walcheske*
      James A. Walcheske, State Bar No. 1065635
      Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Ste. 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com