UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY J. FAST,

        Plaintiff,

v.                                                                 Case No. 16-C-1637

CASH DEPOT LTD.,

        Defendant.

## DECISION AND ORDER

Plaintiff Timothy J. Fast sued his former employer, Cash Depot Ltd. on behalf of himself and all other similarly situated current and former non-exempt Field Service Technicians, alleging Cash Depot violated the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq.*, in failing to lawfully compensate them at a correct rate of overtime pay and for all overtime hours worked at that overtime rate of pay. After Fast filed his complaint, Cash Depot tendered the full amount of the underpayment in overtime pay calculated by its accountants to its current and former employees and filed motions to dismiss Fast's claims on mootness grounds and for summary judgment. The court denied the motions on November 7, 2017, noting that Fast disputed whether the full amount owed to him and the members of the putative class had been paid. The court also recognized that under current law a collective or class action plaintiff may refuse an offer of settlement for the full value of his individual claim to avoid rendering his potential class or collective action moot. ECF No. 43 at 12. The court nevertheless observed that, if Cash Depot had cured its prior FLSA violations by paying what is owed to its current and former employees, the case should promptly resolve.

On June 20, 2018, Fast filed a motion for attorney's fees and costs. Fast maintains that he is the prevailing party and is entitled to attorney's fees and costs, totaling $50,137.04, pursuant to § 216(b). Cash Depot opposes Fast's motion on the ground that he is not a prevailing party, as that term has been defined by the Supreme Court in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Services*, 532 U.S. 598 (2001). Cash Depot then filed its own motion to dismiss, or in the alternative, for summary judgment. Because the court finds that Fast is not the prevailing party in this case, the motion for attorney's fees and costs will be denied, Cash Depot's motion for summary judgment will be granted, and the case will be dismissed.

## BACKGROUND

On December 9, 2016, Fast filed suit against Cash Depot, on behalf of himself and other similarly situated individuals, alleging violations of the FLSA. Sometime after Fast filed this action, Cash Depot's legal counsel retained an accounting firm to review Cash Depot's payroll practices concerning the payment of overtime to all of its employees for the time period of December 2013 through February 2017. After reviewing a spreadsheet from its accountant summarizing the amount of overtime compensation and interest due to each employee, Cash Depot issued 63 paychecks to its current and former employees, excluding Fast, totaling $21,983.53. As to Fast, Cash Depot's counsel mailed Fast's counsel a check for Fast in the amount of $338.98, which represented the amount owed to him in overtime compensation plus the amount of liquidated damages afforded under the FLSA, less federal and state taxes. Cash Depot's counsel also mailed Fast's counsel a check in the amount of $13,333.35, representing payment by Cash Depot of the attorney's fees and costs disclosed in Fast's discovery responses. Neither Fast nor his counsel deposited the checks or indicated any acceptance of the funds.

Cash Depot filed a motion to dismiss the case as moot on the ground that Fast had been paid in full. Alternatively, Cash Depot filed a motion for summary judgment seeking a determination that it owed Fast the sum of $380.76, plus his costs and reasonable attorney's fees. The court denied the motions on November 7, 2017, noting that offering the full value of Fast's claim did not render his potential class or collective action moot. The court nevertheless observed that, if Cash Depot did cure the FLSA violations by paying what it owed to its current and former employees, the case should promptly resolve. ECF No. 43.

Cash Depot provided Fast's counsel with its calculations and payment information for all of its employees, even though Fast had not moved for class certification, in December 2017. On February 2, 2018, Fast's counsel stated that Cash Depot had paid all wages owed to its employees resulting from its FLSA violations and that the only outstanding issue was reimbursement of Fast's attorney's fees and costs. Cash Depot's counsel did not expect Cash Depot would pay approximately $50,000.00 in fees but indicated he would discuss the matter with Cash Depot. On February 14, 2018, Fast's counsel emailed Cash Depot's counsel seeking an update regarding the reimbursement of fees. Cash Depot's counsel never responded. Fast subsequently filed a motion for attorney's fees on June 20, 2018, and Cash Depot filed a motion to dismiss or, alternatively, for summary judgment on July 25, 2018.

## LEGAL STANDARD

Summary judgment is appropriate when the movant shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and make all reasonable inferences that favor them in the light most favorable to the non-moving party. *Johnson v. Advocate*

3

*Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The FLSA states that, "in addition to any judgment awarded to the plaintiff," for unpaid overtime compensation, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Thus, by its express terms, "[t]he FLSA plainly requires that the plaintiff receive a judgment in his favor to be entitled to attorney's fees and costs." *Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012). This interpretation finds support in the Supreme Court's decision in *Buckhannon Board & Care Home, Inc. v. West Virginian Department of Health and Human Services*, which defined the term "prevailing party" for purposes of awarding attorney's fees under fee shifting statutes. 532 U.S. 598 (2001). In *Buckhannon*, the Court rejected the catalyst theory, "which posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Zessar v. Keith*, 536 F.3d 788, 796 (7th Cir. 2008) (citation omitted). Instead, the Court held that a "prevailing party" is "one who has been awarded some

4

relief by the court." *Buckhannon*, 532 U.S. at 603, 605. As the Court explained, "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* at 605. Therefore, determining if the plaintiff is a prevailing party depends on whether the plaintiff has obtained a "judicially sanctioned change in the legal relationship of the parties," such as when the court awards a judgment on the merits or approves a consent decree or a settlement agreement. *Id.* Although the FLSA does not contain the phrase "prevailing party," the same reasoning would seem to apply.

Cash Depot contends that Fast's motion for attorney's fees must be denied because he is not a prevailing party under the FLSA. He has not obtained a favorable judgment in the case, nor have the parties entered into a settlement agreement approved by the court. Instead, Cash Depot promptly hired an accountant to determine what it would owe if Fast's interpretation of the FLSA was correct and it had underpaid its employees. Cash Depot then voluntarily paid Fast and all members of the putative class the amount of money Fast now concedes they were owed. As a result, there is no longer any case or controversy between them. Under these circumstances, Cash Depot argues Fast is not entitled to attorney's fees.

Fast argues that he is the prevailing party in this action because he succeeded in obtaining all wages owed for himself and all putative class members. His argument is premised on the catalyst theory, however, which the Court rejected in *Buckhannon*. Fast argues that *Buckhannon* does not apply to FLSA cases because an award of attorney's fees in FLSA cases is mandatory and not discretionary as the statutes at issue in *Buckhannon*. *Buckhannon* dealt with a request for an attorney fee award in a case brought under the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, both of

5

which provide that the court "in its discretion, may allow the prevailing party" reasonable attorney's fees and costs. *See* 42 U.S.C. § 3613(c)(2); 42 U.S.C. § 12205. Fast contends that the language of the FLSA is significantly different in that it mandates an award of attorney's fees and costs to the prevailing party: "The court in such action shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). For this reason, Fast contends, "the 'catalyst rule,' the Supreme Court's rejection of the same in *Buckhannon*, and other cases Defendant cites in support of the rejection of the 'catalyst rule' are completely inapplicable to this matter and have no bearing on the determination that Plaintiff is a prevailing party in this matter." ECF No. 53 at 4.

Fast's argument that *Buckhannon* does not apply because the FLSA mandates an award of attorney's fees to the prevailing plaintiff is not persuasive. *Buckhannon* dealt with the question, What is a "prevailing party" under statutes that allow fee shifting? Whether an award of attorney's fees is mandatory or discretionary makes no difference if the plaintiff is not a prevailing party. Fast has failed to explain why the rule should be different in FLSA cases than in cases brought under other statutes that authorize recovery of attorney's fees and costs by the prevailing plaintiff. To the contrary, the Seventh Circuit has noted that "the *Buckhannon* Court encouraged consistent interpretation, when possible, across the federal statutes." *Palmetto Props., Inc. v. Cty. of DuPage*, 375 F.3d 542, 547 (7th Cir. 2004). Although the Seventh Circuit has not held that *Buckhannon* applies to all fee-shifting statutes, it has held that "it is conclusively presumed to so apply absent a clearly contrary indication in the 'text, structure, or legislative history of a particular fee-shifting statute.'" *Id.* (quoting *T.D. v. LaGrange Sch. Dist. No. 102*, 349 F.3d 469, 475 (7th Cir. 2003)). Fast points to nothing in the FLSA that rebuts this presumption. Indeed, other courts that have

considered this issue have applied prevailing party jurisprudence to requests for attorney's fees under § 216(b). *See Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 n.7 (5th Cir. 2006) ("Though the attorney's fee provision of the FLSA does not mention 'prevailing party,' we typically cite prevailing party fee-shifting jurisprudence in FLSA cases."); *Dionne*, 667 F.3d at 1203–04 (applying *Buckhannon* to FLSA and finding plaintiff was not a "prevailing party" because the district court did not award judgment in his favor); *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1167 (S.D. Fla. 2003) (applying *Buckhannon* to FLSA); *Dickinson v. Crabs on Deck, LLC*, No. PWG-17-3347, 2018 WL 5026364 (D. Md. Oct. 17, 2018); *Franco v. City of Victorville*, No. CV 07-7670, 2008 WL 11340288 (C.D. Cal. Nov. 12, 2008). And as the Eleventh Circuit noted in *Dionne*, the plain language of the FLSA provides further support for the Court's interpretation of similar fee shifting statutes in *Buckhannon*. 667 F.3d at 1205. It thus follows that in order to recover attorney's fees under the FLSA, there must be a "material alteration of the legal relationship of the parties" as well as "judicial *imprimatur* on the change." *Buckhannon*, 532 U.S. at 604–05.

In this case, the payment Fast received from Cash Depot was never submitted as a settlement for judicial approval. "A judge's mere awareness and approval of the terms of [a] settlement agreement do not suffice to make [the terms] part of his order." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). Because there is no court order confirming the resolution of Fast's claims or other judicially sanctioned material alteration in the legal relationship between the parties, Fast does not qualify as a prevailing party. *See Buckhannon*, 532 U.S. at 604–05 (finding that "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct" does not qualify as a "prevailing party" for purposes of a statutory

7

attorney's fee award). Accordingly, Fast is not the prevailing party and is not entitled to an award of attorney's fees.

Lastly, Cash Depot contends the case should be dismissed because the matter is now non-justiciable and moot. "Under Article III of the Constitution, federal court jurisdiction is limited to 'cases' or 'controversies.'" *Wright v. Calumet City, Illinois*, 848 F.3d 814, 816 (7th Cir. 2017) (citation omitted). A case or controversy no longer exists under Article III "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). Here, Fast concedes that he has been fully paid the wages owed pursuant to the FLSA. In short, a live controversy no longer exists, and the court lacks jurisdiction as a result. Cash Depot's motion for summary judgment is therefore granted.

## CONCLUSION

For the foregoing reasons, Fast's motion for attorney's fees and costs (ECF No. 44) is **DENIED** and Cash Depot's motion for summary judgment (ECF No. 54) is **GRANTED**. The case is dismissed as moot. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this  6th  day of November, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court